24 C.C.P.A.(Patents)

In re CANADA DRY GINGER ALE, Inc.*
Patent Appeals No. 3696.

Court of Customs and Patent Appeals.
Feb. 1, 1937.

Edward S. Rogers, of Chicago, Ill., and Thomas L. Mead, Jr., of Washington, D. C., for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from a decision of the Commissioner of Patents affirming the decision of the Examiner of Trade-marks denying appellant's application for the registration of a composite trade-mark, consisting of an outline tracing of a fairly accurate map of the Dominion of Canada, and the words "Canada Dry" appearing in large print across the map, for use on maltless beverages sold as soft drinks. The specimens filed with the application show the use of them on ginger ale.

The Examiner of trade-marks rejected appellant's application on the ground that

*Rehearing denied March 22, 1937.

it was geographical and descriptive, and on the further ground of estoppel.

With reference to the latter ground of rejection, the Examiner cited Registration No. 155,002, issued to J. J. McLaughlin, Ltd., May 16, 1922, under the Trade-Mark Act of February 20, 1905 (33 Stat. 724, as amended, 15 U.S.C.A. § 81 et seq.), of a composite mark, consisting of an outline map of Canada, substantially the same as that here involved, with the words "Canada Dry," among others not of importance here, appearing thereon, for use on ginger ale.

That registration contains a disclaimer made by appellant's predecessor in business. It reads: "No claim being made to the printed words apart from the mark shown in the drawing."

The Examiner held, among other things, on the authority of the decision of this court in the case of Warner-Patterson Co. v. Charles Y. Malcomb, 39 F.(2d) 274, 275, 17 C.C.P.A.(Patents) 984, that the applicant was estopped from claiming the words "Canada Dry" as an essential feature of its trade-mark.

The Commissioner of Patents affirmed the decision of the Examiner of trademarks.

In his decision, the Commissioner referred to the registration of the involved mark under the act of March 19, 1920, and cited the decision in the case of Ex parte Reo Motor Car Company, 341 O.G. 4, 1925 C.D. 137, wherein, according to the Commissioner, it was held that "by accepting registration under the 1920 Act, instead of appealing, the applicant must be bound by its election and a delay of several years in seeking to cancel a registration under the Act of 1920 and renew the application under the 1905 Act constituted such laches as amounted to estoppel."

It may be said at the outset that, in the case at bar, appellant did not disclaim the words "Canada Dry," apart from the mark as shown, but, on the contrary, asserted that, regardless of the disclaimer by its predecessor in Registration No. 155,002, supra, it is entitled to register those words as a fanciful and arbitrary feature of its mark in connection with the aforesaid map. In support of its contention, counsel for appellant cite several decisions of the federal courts, holding that its trade-mark "Canada Dry" is a valid, common-law trade-mark.

We deem it unnecessary to discuss those decisions here, because, regardless of appellant's right to use its trade-mark, it is, nevertheless, estopped from claiming the right to have it registered under the act of February 20, 1905, by virtue of the fact that in Registration No. 155,002, supra, its predecessor disclaimed the words "Canada Dry" apart from the mark as shown. See Warner-Patterson Co. v. Charles Y. Malcomb, supra, wherein this court, after referring to the disclaimer filed by the appellee, among other things, said:

" * * * He [appellee] accepted the ruling of the Examiner and filed a disclaimer in the following words: 'No claim is made to the words "Liquid Solder" apart from the mark shown.' This was notice to the public, for his registration containing such disclaimer, thereafter allowed, was constructive notice that he made no claim to the use of the words 'Liquid Solder,' standing alone, as a trade-mark, and that the public was free to use it in any way that would not be deceptively similar to the essential features of his mark shown in his registration. In so far as he possessed any right to the words 'Liquid Solder,' standing alone, he by his disclaimer abandoned it as a condition of the registration of what the Examiner was willing to allow as essential features of the mark set out in his application. We think this clearly created an estoppel which precludes him from now asserting a right of registration of the mark 'Liquid Solder,' based upon use prior to the time of appellant's registration."

See, also, In re Continental Oil Co., 75 F.(2d) 217, 22 C.C.P.A.(Patents) 993.

It is true that, in the case at bar, appellant is not claiming the words "Canada Dry," standing alone, but is claiming them as a fanciful and arbitrary feature of its mark in connection with a map of Canada. The map in question, as hereinbefore noted, is substantially the same as that claimed in Registration No. 155,002, supra.

We are of opinion that appellant is not entitled to the registration of words as a fanciful and arbitrary feature of its trademark in the application here involved, which its predecessor disclaimed as being descriptive and nonregisterable in order to secure its Registration No. 155,002, supra. Warner-Patterson Co. v. Charles Y. Malcomb, supra; In re. Continental Oil

Co., supra; In re Canada Dry Ginger Ale, Incorporated, 87 F.(2d) 737, 24 C.C.P.A. (Patents)——, decided concurrently herewith.

In a former case, In re Canada Dry Ginger Ale, Incorporated, 86 F.(2d) 830, 831, 24 C.C.P.A.(Patents)——, decided December 21, 1936, this court held that appellant was not entitled to register "a map of Canada lined in colors," standing alone, which would convey the same idea as the word " 'Canada,' [the place where the goods were produced] without the map," as a trade-mark, under the act of February 20, 1905, for use on maltless beverages sold as soft drinks, including ginger ale.

In view of the fact that appellant is not entitled to register either the words "Canada Dry," standing alone, or the map on which the words appear, for reasons hereinbefore stated, it is clear, from the facts and circumstances of the case, that it is not entitled to the registration of the two combined.

Holding these views, we deem it unnecessary to discuss other issues considered by the tribunals of the Patent Office and presented by counsel for the parties.

For the reasons stated, the decision of the Commissioner of Patents is affirmed.

Affirmed.