24 C.C.P.A.(Patents)

## In re RICHFIELD OIL CO.
### Patent Appeal No. 3693.

Court of Customs and Patent Appeals.
March 22, 1937.

500

Albert J. Fihe, of Chicago, Ill., for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

The Examiner of Trade-marks in the United States Patent Office refused to register appellant's alleged trade-mark "Hi-Octane" for use on gasoline. Upon appeal to the Commissioner of Patents, the decision of the Examiner was affirmed for substantially the same reasons assigned by the Examiner. Appellant has here appealed for a review of the decision of the Commissioner.

The Examiner held that the term "Hi-Octane" described the character of the goods and did not function as an indication of origin of ownership thereof. He cited several references in trade journals where the term "high octane" was used "as a recognized commercial designation of a type of gasoline." He called attention to the Scientific American for August, 1932, page 120, which carries an article on octane rating of gasoline and states: "A high octane gasoline has much better pick-up. * * *" He also called attention to the Refiner and Natural Gasoline Manufacturer for May, 1933, page 29a, where in an advertisement of the Dubb's cracking process there occurs the statement: "You can't profit by making high octane gasoline if you lose most of the anti-knock value in treating."

It is conceded by the appellant that the prefix "Hi-" means "high" and that the term "Hi-Octane" stands on no different footing than would the term "High-Octane." The Examiner and the Commissioner both cited numerous decisions relating to descriptive terms, all of which were Patent Office decisions and need not be discussed here.

It will not be necessary to review all the pertinent decisions on the question, since it seems to us that there can be little doubt that the term "Hi-Octane" is descriptive of a character of gasoline and that, being descriptive, it does not indicate origin and is not subject to the exclusive appropriation by any user.

The decision of this court in Chicago Pneumatic Tool Co. v. Black & Decker Manufacturing Co., 39 F.(2d) 684, 17 C.C.P.A. (Patents) 962, is, we think, particularly in point. We there held that the term "Hicycle" was descriptive as applied to electrically operated tools, had reference to cycles of frequency of operation of the same, and that it could not be registered under the Trade-Mark Act of 1905, as amended, 15 U.S.C.A. §§ 81–109, which is the act involved in the instant appeal.

In the case of Barber-Colman Co. v. Overhead Door Corporation, 65 F.(2d) 147, 20 C.C.P.A. (Patents) 1118, this court held that the term "Overhead" as applied to garage doors was descriptive of the doors and was within the prohibition of the registration statute.

Appellant's main contention seems to be embraced in the following statement: "* * * but 'Hi-Octane,' although it might mean something definite to a trained chemist and particularly to one skilled in the petroleum art, would certainly not immediately indicate to an ordinary member of the public any definite nature or quality of the gasoline, and it is believed that the appearance of this phrase and the rather technical explanation thereof in the scientific and technical journals cited by the Examiner will clinch the above argument. * * *"

We think this contention is without merit. If the word is descriptive to those skilled in the art, it is descriptive within the prohibition of the statute and is not registrable. It would be nonregistrable if it was in a foreign language, if it was descriptive, although not understood by all purchasers who understood other languages only. In re Northern Paper Mills, 64 F.(2d) 998, 20 C.C.P.A.(Patents) 1109.

Appellant has raised some question, although he has not stressed the point, that the date of the references cited by the Examiner is subsequent to the filing date of the application here involved. This is not a

case where the question of anticipation should be determined. Appellant concedes that the term "Hi-Octane" is descriptive in a scientific sense. The word "High" and the word "Octane" are both good English words found in the dictionary. They can be and are appropriately used to describe a quality of gasoline. Appellant may not appropriate to its exclusive use these words when combined in the manner proposed.

We are not here confronted with the question of the registrability of a mark which, like the term "Kodak," becomes descriptive of a kind of camera after the term has been used for the first time as a trademark to indicate origin.

The decision of the Commissioner of Patents is affirmed.

Affirmed.

HATFIELD, Associate Judge, did not participate in this decision.