30 C.C.P.A.(Patents)

### In re EFFERVESCENT PRODUCTS, Inc.

Patent Appeal No. 4650.

Court of Customs and Patent Appeals.

Dec. 1, 1942.

Edward S. Rogers, William T. Woodson, and James H. Rogers, all of Chicago, Ill., and Thomas L. Mead, Jr., of Washington, D. C., for appellant.

W. W. Cochran, of Washington, D. C., for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

Appellant filed its application for registration of the mark "Acetyl-Vess" as applied to alkaline effervescent tablets having an analgesic-antipyretic action, in Class 6, chemical, medicines, and pharmaceutical preparations.

The Examiner of Trade-Marks refused registration until the word "Acetyl" was disclaimed. The examiner held that word to be descriptive and believed it to be common property. Upon appeal the Commissioner of Patents affirmed the decision of the Examiner of Trade-Marks.

■ The examiner based his decision upon definitions in Webster's New International Dictionary as follows: (1) "Acetyl, The radical, $CH^3CO$, of acetic acid." (2) "Acetyl—,A combining form of acetyl.", and also instanced the use of the said word as a combining form in many other chemical expressions, among which are acetyl-bromide, acetyl-chloride, acetyl-oxide, acetyl-salycilate, acetyl-cellulose, etc.

The issue before the tribunals of the Patent Office and the determination thereon is set out in the decision of the commissioner as follows: "Applicant asserts that the term 'Acetyl' does not serve to identify any particular chemical compound unless suffixed by the name of another chemical element or radical, and therefore the term 'Acetyl' used alone has no descriptive meaning, and disclaimer thereof

should not be required. However, it is noted that applicant in its brief states that the occurrence of the term 'Acetyl' in a chemical term indicates the presence of the radical $CH^3CO$ in the substance defined by the chemical term. It seems to me that to apply the term 'Acetyl' to any substance or preparation indicates that the acetyl radical is present in the substance or preparation and that such substance or preparation is acetylic, and thus is descriptive of that characteristic or quality of the substance or preparation. Nor do I consider that the joining of the word 'Vess' to the term 'Acetyl' by a hyphen destroys that descriptive meaning of the term 'Acetyl' with regard to the goods to which the trade-mark is applied. In my opinion the term 'Acetyl' in the mark 'Acetyl-Vess' indicates the presence of the acetyl radical in applicant's tablets and is descriptive of that character and quality thereof." From the decision of the commissioner this appeal was taken.

Appellant contends that the Patent Office tribunals erred in not recognizing that the acetic acid radical $CH^3CO$ has no existence except as a fundamental constituent of a definite chemical compound, and in holding that the union of the radical "acetyl" with the meaningless syllable "vess" does not destroy the mere descriptive significance of "acetyl".

Appellant admits that the word "acetyl" indicates the presence of what is termed by chemists to be the radical $CH^3CO$ and that the radical may be said to be an element in the production of chemical compounds. Appellant argues, however, that there is no existence of the substance described by the radical except for an infinitesimal period of time before the radical immediately becomes associated with an element or elements whose presence determines the final product.

It appears to be true that acetyl is not a chemical element capable of segregation, use and sale as such and that it has no existence except as stated by appellant. But there can be no question when it is applied to a product such as that involved here it indicates that in the product there are properties which are characteristic of compounds containing the said radical. Therefore, there can be no question but that the term "acetyl" is clearly descriptive.

Appellant further contends that the mark should be considered only as a whole and when so considered it should not be held to be descriptive of the goods but as a fanciful name, and as such is entitled to registration. Appellant also alleges error in that the Patent Office tribunals did not give proper significance to the word "merely" as modifying "descriptive" in section 5(b) of the Trade-mark Act of February 20, 1905, 15 U.S.C.A. § 85(b). All of appellant's contentions sum up in effect an argument as to why the decision of the Supreme Court in Estate of P. D. Beckwith, Inc., v. Commissioner of Patents, 252 U.S. 538, 40 S.Ct. 414, 64 L.Ed. 705, and also our own decisions, especially In re American Cyanamid & Chemical Corporation, 99 F.2d 964, 26 C.C.P.A., Patents, 712, should be overruled.

A great number of cases have been cited by appellant to sustain its various contentions, but since they cannot in our opinion justify us in reversing the decision of the commissioner we shall not discuss them.

■ The mark of appellant unquestionably contains a descriptive word coupled with a fanciful expression. It is a composite mark. It is well-settled law, stemming from the leading case of Beckwith, supra, followed by this court in many cases, notably in the American Cyanamid Corporation case, supra, that in composite marks such as involved herein the Patent Office may and should require disclaimer of that portion of the mark which is descriptive.

The question presented to us is not new and has been meticulously considered and ruled upon in the earlier decisions and there is no necessity for prolonging this opinion by the repetition of the reasoning heretofore given by the courts.

The decision of the Commissioner of Patents is affirmed.

Affirmed.