200

33 C.C.P.A.(Patents)

## In re LOCKE STOVE CO.

### Patent Appeals No. 5106.

Court of Customs and Patent Appeals.
March 6, 1946.

Fishburn & Mullendore, of Kansas City, Mo. (Emory L. Groff, of Washington, D. C., and Claude A. Fishburn, of Kansas City, Mo., of counsel), for appellant.

W. W. Cochran, of Washington, D. C., (R. F. Whitehead, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Commissioner of Patents, 62 U.S.P.Q. 318, affirming that of the Examiner of Trade-Marks denying registration under the Trade-Mark Act of 1905, 15 U.S.C.A. § 81 et seq., to the expression "Warm-Ever" applied to water heaters using solid fuels,

Serial No. 452,451, filed April 20, 1942. Appellant alleged use of the mark in its business from on or about January 1, 1942.

The drawing of the mark accompanying the application shows the words in vertical relation on a background, and the mark is said to be affixed to the heater by decalcomania.

The examiner held the mark to be descriptive of appellant's goods and therefore not registrable. The commissioner affirmed the holding for the same reason.

Appellant contends here that the mark is not descriptive, but may be considered as suggestive, citing many cases alleged to sustain that contention. In support of its contention, it is argued in the brief that the mark is not descriptive because no one could consider that the water in the heater would always be warm or hot, based on the fact that it is well known that without a fire in the heater the water would not be heated, and therefore the notation "Warm-Ever" could not be considered descriptive.

We think it clear that the term sought to be registered in relation to its application to the heater can have no other meaning but that one could have warm or hot water whenever one wished, and that it is not necessary to remake the fire as often as the water is needed. This, it seems to us, is the immediate and obvious impression to be derived from appellant's mark as he is using it. It does not require any particular mental effort or reasoned thinking to arrive at such impression.

In our opinion appellant's mark is not only descriptive of the heater with which it is used, but also of the character or quality of it, and is thus brought squarely within the prohibition of the act.

We do not deem it essential to discuss the citations in which marks were either registered or denied registration, for the reason that it has been repeatedly held that such cases are of little, if of any, value in deciding trade-mark cases such as this. In re Dutch Maid Ice Cream Company, 95 F.2d 262, 25 C.C.P.A., Patents, 1009.

The decision of the Commissioner of Patents is affirmed.

Affirmed.