37 C.C.P.A.(Patents)
**Application of ST. PAUL HYDRAULIC HOIST CO.**

**Patent Appeals No. 5623.**

United States Court of Customs and Patent Appeals.

Sept. 30, 1949.

Andrew E. Carlsen, Minneapolis, Minn., for appellant.

W. W. Cochran, Washington, D. C. (Walter J. Derenberg, Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, and JOHNSON, Associate Judges.

GARRETT, Chief Judge.

This is an appeal from the decision of the Commissioner of Patents, speaking through the Assistant Commissioner, 75 USPQ 276, affirming the decision of the Examiner of Trade-Marks denying appellant registration under the Trade-Mark Act of February 20, 1905, 33 Stat. 724, of the notation "Dump IT" for use as trade-mark for hydraulic operated units for raising or tilting truck bodies to effect dumping of the contents of the bodies.

The mark is shown with the word "Dump" in script letters and the word "IT" in block type.

The rejection is based upon the ground that the notation is descriptive of the goods to which it is applied. The decision recited that one definition of the word "dump" given in Webster's New International Dictionary reads: "to unload, as from a cart by tilting it." The Assistant Commissioner pointed out that this is the precise function performed by appellant's hydraulic device,

and followed this with the statement: "* * * I am clearly of the opinion that registration was properly refused, for it is now well established that 'a mark is descriptive within the meaning of the Act if it describes the intended purpose, function, or use, of the goods to which it is applied,' or if it describes 'the result to be obtained' by using the goods. In re W. A. Sheaffer Pen Company, 158 F.2d 390, 34 C.C.P.A., Patents, 771; Basic Food Materials, Inc. v. Keyes Fibre Co., 162 F.2d 422, 34 C.C.P.A., Patents, 1117."

Before us appellant has presented an elaborate brief in which many decisions are cited that are claimed to be in point. Practically all of the cases so cited are cases resting upon the well established rule that marks which are nothing more than suggestive are registrable. Such authorities are not persuasive with us. Indeed, if there should be found registered a mark truly descriptive, it would be no authority for granting registration of another descriptive mark. The proper procedure would be to cancel the first registration. The courts have stated this principle so often and it so fully harmonizes with common sense that it is not deemed necessary to cite authorities in its support. Appellant's mark is descriptive. To hold it otherwise would, in our opinion, do violence to good judgment. It describes the only function and sole purpose of the device to which it is applied.

Appellant's brief states: "* * * Whether the present mark is even suggestive might well be argued, but that is beside the point. If it is 'merely descriptive', however, *within the meaning of the statute,* what, may we ask, does it describe?" (Italics ours.) and, replying to its own question, says: "There is only one answer, and that is—absolutely nothing. 'Dump IT' is no more descriptive of a hydraulic lift unit than it is of a wheel barrow, a steam shovel, a child's sand pail, or of the gasoline which powers the engine * * * that raises the truck body from which the contained load is finally dumped."

In the first place, it may be remarked that if "Dump IT" applied to a hydraulic lifting device is merely descriptive *within the meaning of the statute*—and we so regard it— that ends the case. No such mark may be registered originally under the 1905 Trade-Mark registration Act. However, we think the brief is not apt in comparing appellant's lifting device with a wheelbarrow, a child's sand pail, gasoline, and even with a steam shovel, although the latter lifts and dumps, but if they be properly comparable, as counsel for appellant seems to think, their manufacturers might wish to use the descriptive phrase "Dump IT" in connection with them, and they ought not to be embarrassed in so doing by meeting a registered trade-mark which implies the right of exclusive use.

The brief for appellant seems really to make a concession against interest in the following statement: "The fact that a single word 'Dump', when segregated from 'IT', is commonly used in connection with *dump* truck is not denied, and applicant is perfectly willing to disclaim 'Dump' apart from the balance of the mark if that will clarify the matter. But this should not be critical or necessary as obviously *no claim can possibly be made to exclusive use of the word 'Dump' as applied to anything related to dump trucks.*" (Italics ours.)

The implication seems to be that the word "IT" is the dominating part of the mark, the brief saying: "The very short and usually insignificant word 'IT' gives this composite mark character and significance that makes it particularly and peculiarly distinctive in the industry and with the purchasing public, and this effect should not be summarily dismissed in a proceeding of this nature."

We are unable to agree that the implication relative to "IT" being the dominating part of the mark is sound. Both words have distinct meanings. "Dump" means what the dictionary says it means, supra, and "it" obviously has reference to the material which is to be dumped. The two words taken together seem to us obviously to constitute a descriptive phrase.

In the brief on behalf of appellant a statement of the examiner to the effect that a search of the office records shows that no trade-mark like applicant's has been

registered for use on the same kind of goods is quoted, and it is said: "This is believed to be significant," and further: "Not only is the mark new, but there is absolutely nothing to indicate that it is one that another member of the industry would normally ever adopt. In fact, and to the contrary, the notation is no [so] incongruous and singular in character as to become an oddity with respect to the general run-of-the-mill type of conventional trademarks."

There may be many reasons why other manufacturers of hydraulic operated units like those of appellant have not adopted and sought to register "Dump IT" as a trademark. For example, one may be that they, unlike appellant, have regarded it as a descriptive phrase and hence not registrable.

Many authorities might be added to those cited in the decision of the commissioner but the matter seems to clear to us that we can see no necessity for such citations.

We are not convinced of error in the decision of the commissioner and, therefore, it is affirmed.

Affirmed.

By reason of illness, HATFIELD, Judge, was not present at the argument of this case and did not participate in the decision.