40 C.C.P.A.(Patents)

**Application of HERCULES FASTENERS, Inc.**

**Patent Appeal No. 5964.**

United States Court of Customs and Patent Appeals.

April 15, 1953.

754

John L. Seymour, New York City (N. Douglas Parker, Jr., Washington, D. C., of counsel), for appellant.

E. L. Reynolds, Washington, D. C. (Clarence W. Moore, Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, WORLEY, and COLE, Judges.

JOHNSON, Judge.

This is an appeal from a decision of the Commissioner of Patents, speaking through the Assistant Commissioner, 92 U.S.P.Q.

287, affirming the conditional refusal of the Examiner of Trade-Marks to register the trade-mark sought by appellant.

Appellant seeks to have registered on the Principal Register, under the Trade-Mark Act of 1946, 15 U.S.C.A. § 1051 et seq., a composite mark "for Tube sealing machines, which apply barrel fasteners, sometimes called eyelet fasteners to seal the ends of flexible tubes," such as sausage casings. The mark sought consists of the notation "Fastie," which appears, in the application drawing, in black letters superimposed upon a fanciful black and while background comprising the ends of three tubular elements, apparently sausages, each having a fastener attached to its end. Although it seems that the notation might be pronounced "fas-tee," counsel for appellant stated during oral argument that the pronunciation used by applicant is "fas-tie."

The examiner regarded the notation "Fastie" as the phonetic equivalent of "fast-tie", and he was of the opinion that this notation was descriptive of the function of the machine and therefore unregistrable. He held further, however, that the design portion of the composite mark was distinctive and hence the mark as a whole was registrable, provided appellant disclaimed the descriptive portion "Fastie." With respect to the question of disclaimer the examiner stated:

"* * * it is considered that the proposed mark is registrable, provided the descriptive word 'Fastie' is disclaimed under the provisions of Section 6 of the Trade-Mark Act of 1946. At an interview on April 23, 1951 applicant's attorney voiced the opinion that, giving proper weight to the word 'merely' in Section 2(e)(1), a mark, a substantial portion of which is descriptive but which also includes a substantial portion which is fanciful, should be registrable without a disclaimer of the descriptive portion, Section 6 notwithstanding. It is the Examiner's opinion that Section 6 cannot be disregarded, and that, in accordance with its provisions, disclaimer of the descriptive portion, or any portion

which is not registrable per se under Section 2(e), must be required as a condition precedent to registration. The language of the statute leaves no choice but states 'The Commissioner shall require unregistrable matter to be disclaimed.' * * *"

In the absence of such a disclaimer by appellant, the examiner continued to refuse registration and an appeal was taken to the commissioner.

The commissioner affirmed the examiner's holding that the notation "Fastie" was descriptive, stating:

"* * * In its advertising applicant refers to the 'tie' which the fastener makes when applied by the machine, the verb 'tie' in its transitive form being defined under the second definition in Webster's New International Dictionary, Second Edition, as 'to unite or join firmly; to connect.' The notation 'Fastie' obviously connotes that which ties or fastens quickly, and it is entirely clear from the applicant's advertising that such is the intended meaning of the notation since it is stated that applicant's machine does casing-end ties two to three times faster than human hands. Thus the applicant refers to the operation of its machine in terms of the broad definition of the word 'tie.'"

The commissioner also affirmed the examiner's ruling that the descriptive and hence unregistrable portion of the mark, the notation "Fastie," must be disclaimed in accordance with section 6 of the 1946 Act, as a condition precedent to registration.

Appellant contends that the notation "Fastie" is not descriptive within the prohibition of section 2(e)(1). He contends also that even if the notation "Fastie" were descriptive and unregistrable *per se*, he need not disclaim it because the composite mark sought is not "merely descriptive" of the goods to which it is applied, and therefore the Patent Office erroneously and arbitrarily refused registration.

We think appellant's latter contention is clearly in error.

Section 2 of the Trade-Mark Act of 1946, 15 U.S.C.A. § 1052, provides that:

"No trade-mark by which the goods of the applicant may be distinguished from the goods of others shall be refused registration on the principal register on account of its nature unless it—

\* \* \* \* \* \*

"(e) Consists of a mark which, (1) when applied to the goods of the applicant is merely descriptive or deceptively misdescriptive of them \* \* \*."

Clearly the examiner and the commissioner have recognized that the composite mark as a whole is not "merely descriptive" and hence is registrable under section 2(e) (1). However, (assuming now that the notation "Fastie" was properly held descriptive) it does not necessarily follow from this, as appellant appears to contend, that those tribunals were erroneous and arbitrary in refusing to register the composite mark in the absence of disclaimer of "Fastie."

Section 6 of that Act, 15 U.S.C.A. § 1056, provides:

"The Commissioner shall require unregistrable matter to be disclaimed, but such disclaimer shall not prejudice or affect the applicant's or owner's rights then existing or thereafter arising in the disclaimed matter, nor shall such disclaimer prejudice or affect the applicant's or owner's rights of registration on another application of later date if the disclaimed matter has become distinctive of the applicant's or owner's goods or services."

Prior to the Act of 1946 there was no statutory provision authorizing or requiring the disclaimer of unregistrable subject matter which was part of a composite mark containing other registrable matter in combination therewith. Such a composite mark, for example, might contain registrable subject matter in combination with matter which is merely descriptive, or geographically descriptive, and therefore unregistrable. The practice grew up in the Patent Office of allowing such unregistrable matter to be disclaimed, so that the mark as a whole might be registered. This practice was sanctioned by the Supreme Court in Beckwith v. Commr. of Patents, 252 U.S. 538, 40 S.Ct. 414, 64 L.Ed. 705, and this court, following the rule of the Beckwith case, also upheld the Patent Office's disclaimer practice. In re American Cyanamid & Chemical Corp., 99 F.2d 964, 26 C.C.P.A., Patents, 712; In re Effervescent Products, Inc., 132 F.2d 142, 30 C. C.P.A., Patents, 762.

Under the disclaimer practice prior to the 1946 Act, however, if an applicant disclaimed certain subject matter as unregistrable he and his successors in interest were held estopped from later securing registration of such matter, even though the disclaimed portions subsequently became distinctive and protectable in the Federal courts as valid, common-law trade-marks. See In re Canada Dry Ginger Ale, Inc., 87 F.2d 736, 24 C.C.P.A., Patents, 872, and In re Canada Dry Ginger Ale, Inc., 87 F. 2d 737, 24 C.C.P.A., Patents, 879.

A study of the legislative history of the 1946 Act convinces us that the part of section 6 stating "The Commissioner shall require unregistrable matter to be disclaimed, \* \* \*" is essentially declaratory of the disclaimer practice as then existing under the sanction of the Beckwith decision. However, the then existing practice has been modified by the latter part of the section, not here involved, which provides that a disclaimer will not prejudice or affect the applicant's rights then existing or thereafter arising in the disclaimed matter. See Hearings, Committee on Patents, House of Representatives, H. R. 9041, 75th Congress, 3rd Session, pages 137 to 141; and Hearings, Committee on Patents, House of Representatives, H. R. 4744, 76th Congress, 1st Session, pages 61 to 64. See also In re Servel, Inc., 181 F.2d 192, 37 C. C.P.A., Patents, 977. Since section 6 is essentially declaratory of the disclaimer practice existing prior to the 1946 Act, we think decisions decided prior to the Act and not inconsistent with the qualifications in the latter part of section 6 are still authoritative.

■ The purpose of a disclaimer is to show that the applicant is not making claim to the exclusive appropriation of such matter except in the precise relation and association in which it appeared in the drawing and description. Beckwith v. Commissioner, supra.

■ Although appellant's mark as a whole is not "merely descriptive," and hence is registrable, appellant is not entitled to register the same unless descriptive and unregistrable subject matter contained therein is disclaimed. Moreover, the Commissioner of Patents has the right to enforce his requirement for disclaimer by a refusal to register the mark in the event that the requirement is not met. In re American Cyanamid, etc., supra. We think this is clearly in accord with the mandate of section 6 of the 1946 Act.

In view of the foregoing, it follows that if the notation "Fastie," which appellant has declined to disclaim, is descriptive of its goods within the prohibition of section 2(e)(1), the commissioner did not err in conditionally refusing registration. Cyanamid case, supra. We turn therefore to consideration of appellant's contention that the mark is not objectionably descriptive.

Appellant contends before this court that "Fastie" is not objectionably descriptive because it is only by proceeding through a series of thoughts and words that one can deduce any relationship or descriptiveness between the notation "Fastie" and the machine or the fasteners to which it is applied, or to the function of the machine. In effect, appellant argues that "Fastie" is merely suggestive and not descriptive.

■ The language of section 2(e) of the 1946 Act differs slightly from that of the corresponding part of section 5 of the Trade-Mark Act of 1905. This court has decided, however, that although there are slight changes, the prohibitions against descriptive marks under the new Act are the same as under the 1905 Act. Andrew J. McPartland, Inc., v. Montgomery Ward & Co., Inc., 164 F.2d 603, 35 C.C.P.A., Patents, 802, wherein the differences between the acts, and the effect thereof, were discussed at length.

■ Marks which are merely descriptive of the goods upon which they are used, or the quality or character of the goods falls within the prohibitions of section 2(e) of the new act, McPartland v. Montgomery Ward, supra. Of course marks that are merely suggestive are registrable. In re St. Paul Hydraulic Hoist Co., etc., 177 F.2d 214, 37 C.C.P.A., Patents, 751.

■ Trade-marks which are descriptive of the use or function of the goods may be descriptive within the meaning of section 2(e), and hence unregistrable, because they describe the character or quality of the goods. Hygienic Products Co. v. Huntington Laboratories, Inc., 31 C.C.P.A., Patents, 773, 139 F.2d 508.

■ We are of the opinion that "Fastie" is merely a phonetic spelling of "fast tie" and that it connotes that which unites or joins quickly, "tie" being used according to its broad meaning. Thus, for the reasons advanced in the above-quoted excerpt from the commissioner's opinion, we think the notation is descriptive of the function and character of the goods to which it is applied. That notation itself is therefore unregistrable.

■ Prior decisions are generally of relatively little value in deciding trade-mark cases such as this. In re Locke Stove Co., 33 C.C.P.A., Patents, 934, 154 F.2d 200. However, we think our holdings in the Locke Stove case and McPartland v. Montgomery Ward, supra, particularly apposite and persuasive. In the former case, we held the mark "Warm-Ever" applied to water heaters was merely descriptive of the character of the goods and unregistrable. In the latter case, we held the mark "Kwix-tart" for use on electric storage batteries is merely the phonetic spelling of "quick start" and not entitled to registration because it was descriptive of the character of the goods on which it was used.

In view of the foregoing, the decision of the commissioner refusing registration of appellant's mark in the absence of disclaimer is affirmed.

Affirmed.