46 C.C.P.A. (Patents)

**MEEHANITE METAL CORPORATION,**
Appellant,

v.

**The INTERNATIONAL NICKEL CO.,**
Inc., Appellee.

Patent Appeal No. 6297.

United States Court of Customs
and Patent Appeals.
Jan. 9, 1959.

Woodling & Krost, Cleveland, Ohio (George V. Woodling and Bruce B. Krost, Cleveland, Ohio, of counsel), for appellant.

Anthony William Deller, New York City (Fred A. Klein, New York City, and Aaron R. Townshend, Washington, D. C., of counsel), for appellee.

Before O'CONNELL, Acting Chief Judge, and WORLEY, RICH, and MARTIN, Judges.

RICH, Judge.

This appeal is from the decision of the Commissioner of Patents affirming the decision of the Examiner of Interferences sustaining an opposition by appellee to the registration by appellant of the word "Spherulite" as a trademark for castings made of iron and iron alloys. The application states that the mark was first used by appellant on February 27, 1950.

Opposer-appellee alleged below that it and its licensees had been engaged for many years in the manufacture of metals, alloys and metallic additions for cast irons, including that described in U. S. Patent No. 2,485,760 to Millis et al., that the word "spherulite" had been used as early as 1948 to describe the graphite formation in the internal structure of

certain types of cast iron and that appellee would be damaged if such registration was granted.

The Examiner of Interferences, in sustaining the opposition, held that "Spherulite," when used in connection with cast iron, including that made in accordance with appellee's Millis et al. patent, is descriptive of a characteristic thereof and that accordingly the issuance of the registration applied for would necessarily involve damage to appellee.

The issues presented herein are 1) whether the word "spherulite" is descriptive within the meaning of the trademark law when applied to castings of iron and iron alloys, and 2) if descriptive, would appellee be damaged by being deprived of the use of the term to describe its products.

The record shows that the terms "spherulite" and "spherulitic" were used in an article published in the American Foundryman magazine for April 1948 to describe the shape of graphite particles found in certain types of cast iron. Four witnesses called by appellee testified that graphite particles found in such irons were properly described as being "spherulites" or "spherulitic," and that they had been so described in the metallurgical field. Appellant produced six witnesses who testified to the effect that, in their opinion, "spherulite" and "spherulitic" were not properly descriptive of any cast iron, two of them stating that they had not known those terms to be used in any way in connection with metals, and one of them stating that he had never heard the term "spherulite" applied to anything but a mineral. The remaining three witnesses called by the appellant, however, stated that they had used the term "spherulite" or "spherulitic" to describe graphite particles in cast iron, or that they had known it to be used in that manner by others.

In our opinion the evidence of record fully supports the holding that "spherulite" has a well-understood meaning to metallurgists and foundrymen when used in connection with certain kinds of cast iron and related alloys as referring to their graphite formation.

The word is descriptive of a characteristic of the material, and being descriptive it is not subject to exclusive appropriation by any user. In re Richfield Oil Company, 88 F.2d 499, 24 C.C.P.A. 996. A word may be descriptive though it merely describes one of the qualities or properties of the goods. In re Effervescent Products, Inc., 132 F.2d 142, 30 C.C.P.A. 762.

Applicant contends that the word "spherulite" cannot accurately be used to describe iron castings. It is beside the point whether castings in general can be so described. The real issue herein is whether appellant's intended mark is legally descriptive of cast iron which the trade knows to contain spherulites or spherulitic particles. Since it is well recognized that the formation of graphite in the internal structure is an important characteristic in cast ferrous metals, we feel that this word, describing such internal structure, is descriptive of the metal itself.

Appellant further contends that appellee has shown no likelihood of damage since there is no indication that appellee deals in castings which could be described by the term "spherulite," nor that the term has been used in its business. The record shows that appellee is the owner of patent No. 2,485,760, and that both it and its licensees under said patent manufacture the product of that patent. Figure 5 of that patent shows a carbon particle in cast iron to which the word "spherulite" appears to be properly applicable, and the testimony of appellee's witnesses is to the effect that "spherulite" is properly descriptive of carbon particles found in the microstructure of the cast metal of the patent and has been used to describe them. Appellant's witness testified that he would refer to the carbon structure of the patent as "nodular" rather than as "spherulite," but we do not consider this sufficient to alter a holding that "spherulite" is descriptive of the cast iron made by the process of the patent. Under these circumstances it is not necessary that opposer make a showing of actual use of

the mark to establish that it would probably be damaged by the registration. It is enough to show such interest as will justify the conclusion that damage to it will ensue if the use of such term by it or its customers to describe their goods is denied. United Shoe Machinery Corp. v. Compo Shoe Machinery Corp., 56 F.2d 292, 19 C.C.P.A. 1009, 1016. We feel that such interest has been shown here.

■ Appellant accounts for its choice of trademark as due to the observation that the iron it marketed as "spherulite" has a ring, when struck a blow, like that of obsidian, a mineral that crystallizes as spherulites. This, appellant claims, suggested the alleged mark to it. Conceding, arguendo, appellant's innocence in its choice, we do not consider this to be material to the issue of descriptiveness of the mark relative to appellee's products.

The decision of the Commissioner is affirmed.

Affirmed.