55 CCPA

**UNITED STATES STEEL CORPORA-TION, Appellant,**

v.

**VASCO METALS CORPORATION, Appellee.**

**Patent Appeal No. 7937.**

United States Court of Customs and Patent Appeals.

May 23, 1968.

Donald G. Dalton, Pittsburgh, Pa. (Matthew P. McDermitt, Pittsburgh, Pa., of counsel), for appellant.

Cushman, Darby & Cushman, Edward M. Prince (George T. Mobille, Washington, D. C., of counsel), for appellee.

Before WORLEY, Chief Judge, and RICH, SMITH, ALMOND and KIRKPATRICK,* JJ.

ALMOND, Judge.

United States Steel Corporation (opposer below) seeks reversal of the decision of the Trademark Trial and Appeal Board[1] granting the motion of appellee, Vasco Metals Corporation, for summary judgment and dismissing appellant's opposition. The mark here in issue is the plain capital letters CVM. The application[2] asserts use since July 31, 1964. The goods involved in the application are heat-resisting alloys, low alloy steels for bearings and springs, high-strength alloy steels, tool steels and high speed steels, stainless steels, electronic alloys, nuclear reactor materials— namely, zircaloy and zirconium alloys, investment castings, and special analysis alloy.

Appellant produces some of the steels embraced by the aforementioned CVM application and filed opposition to the registration, asserting that these letters (CVM) are an abbreviation of "consumable vacuum melt," and that the letters and the phrase are common descriptive designations for steel produced by the consumable vacuum melting process practiced by both parties as well as by other steel producers. It appears that the consumable vacuum melting process is a method of further refining high grade alloy steel by melting a cast electrode of the alloy in a vacuum, with the electrode being consumed by melting in an arc struck between it and like material in the base of the vacuum chamber.

Appellee filed answer to the notice of opposition, took a discovery deposition and then filed motion for summary judgment from which emanates the issue here presented. The motion was predicated on several grounds. The decision of the board, however, was based solely on the ground that appellant is estopped from opposing the registration of CVM by its prior agreement to appellee's registering the following mark:[3]

The above mark was opposed by appellant on the same grounds as the instant application. However, the opposition was terminated and registration granted pursuant to the following stipulation of dismissal:

The proceedings in this opposition be suspended pending entry of the aforesaid disclaimer and that the opposition be dismissed upon entry thereof.

The terms of the "aforesaid disclaimer" recited in the registration read:

The words "Consumable," "Vacuum," and "Melted" are disclaimed apart from the mark as shown.

Appellant asserts that it agreed to nothing beyond the matters, in manner and form above cited, and gave no other manifestation or consent or concession, and was totally unaware of appellee's intention to file application for registration of CVM, per se, which was filed on September 2, 1964 following the above registration on August 18, 1964. We find nothing of record in derogation of this assertion.

* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

1. 148 USPQ 611.

2. Serial No. 201,159 filed September 2, 1964.

3. Reg. No. 775,220, Serial No. 123,712, issued August 18, 1964.

The board, in taking the position that appellant is estopped "from now asserting that the same designation is not registrable merely because it is presented alone and not in association with other matter," reasoned as follows:

> In the earlier opposition, opposer had consented to the registration of a mark which featured as its salient element the letters "CVM." Although these letters were presented as a portion of the words "CONSUMABLE VACUUM MELTED," the mark was nevertheless dominated by the three letters. Furthermore, in stipulating that the mark could be registered upon entry of applicant's disclaimer of the words "CONSUMABLE VACUUM MELTED" apart from the mark as shown, opposer in effect conceded that the undisclaimed portion of the mark, the designation "CVM," dominated the mark and was the only registrable element thereof. * * *

The board adhered to its decision on reconsideration, holding that the disclaimer "applied only to the words 'CONSUMABLE VACUUM MELTED' and did not include the distinctively displayed letters 'CVM,'" reasoning that while part of a mark may be disclaimed, "an entire mark cannot be disclaimed and yet be registered." (Citations omitted.)

■ In our opinion the facts disclosed by this record do not warrant the application of summary judgment predicated on the principle of estoppel. It is well settled that the function of summary judgment is to avoid a useless trial. It is, however, to be cautiously granted. As stated in 6 Moore's Federal Practice ¶ 56.15[3] (2d ed. 1966):

> The courts are in entire agreement that the moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitle him to judgment as a matter of law.

The record discloses that appellant is a practitioner of consumable vacuum melting and produces some of the products set forth in appellee's application. Appellant asserts that its sole objective in the prior opposition, as well as in the instant one, is to preserve its right to use descriptive words and abbreviations in their primary descriptive sense when offering and selling its product. As a result of the agreement of dismissal and entry of the disclaimer, it appears that appellant achieved this objective as to "consumable vacuum melted."

■ In our view the instant application presents a new issue beyond the scope of the issue resolved upon termination of the prior proceeding. The stipulation filed in the previous action was to the effect that the specific, composite, *distinctively displayed* mark now shown in Reg. No. 775,220 and reproduced above might be registered upon entry of a disclaimer which reads as set forth in the registration and as quoted above. The consent was thus specific to the registration of this particular mark. It did not include a different mark. By means of the instant application appellee seeks to establish prima facie exclusive rights in a different descriptive designation, not in issue in the original application. The designation now sought beyond the scope of the original application is the common shorthand designation, CVM, the abbreviation of the process, different in form, appearance and orientation from the extant registration. This, in our opinion, presents a new issue not circumscribed or foreclosed by the stipulation of the parties.

The registered mark must be viewed as a whole. Assuming, arguendo, what appears to be the fact—a fact not yet proved or decided herein because of the summary judgment—that "consumable vacuum melted" is the descriptive name of the process by which the steels named in the application are made, appellee's trademark rights and its right to register reside entirely in the particular *design*

*arrangement* of these three descriptive words. There is no registrable "portion" or "element," only a registrable *whole* consisting of a distinctive arrangement of words and typography. There is no "undisclaimed portion" of the mark, as the board said. There is simply a unitary mark made of words in a special arrangement or design and a disclaimer which says, in legal effect, that since the three words incorporated in the mark are descriptive, *no claim* to any *exclusive* right to use *them* is to be implied from the fact of registration. That is all the disclaimer means and nothing else is to be inferred from it.[4]

We think apposite here the principle stated in In re Hercules Fasteners, Inc., 203 F.2d 753, 40 CCPA 944, where the court said:

> The purpose of a disclaimer is to show that the applicant is not making claim to the exclusive appropriation of such matter except in the precise relation and association in which it appeared in the drawing and description. * * *

A disclaimer does not divide or separate portions of a mark from other portions. The mark remains a unitary whole. The disclaimer of the kind here involved is merely of *legal consequences* of registration, not of parts of a mark.

 The primary error of the board was in reasoning that the typographically associated initial letters of the words, CVM, because not expressly disclaimed along with the words and also, presumably, because they were prominently displayed, were conceded by opposer to be registrable, thus resulting in an estoppel in this case. By its failure to correct-

ly analyze *what* was registered pursuant to the stipulation and what was the only legal effect of the disclaimer, the board created by implication a consent which the opposer never gave. There was, however, no such consent and there is, therefore, no estoppel.

To the extent that the board adopted as a premise that the initials CVM were *not* disclaimed, it was correct; but it erred in its conclusion that *if* they had been disclaimed, along with the words, "apart from the mark as shown," the "entire mark" would have been disclaimed. That does not follow. The entire mark is a typograpichal design. That is what was registered and that is what the opposer consented should be registered. It would be just as registrable if the disclaimer had also included the initial letter combination CVM, apart from the mark. While an entire *mark* cannot be "disclaimed" and also registered, it is entirely possible to disclaim all the *components* of such a design mark as that in the prior opposition and still have a registrable whole. See Ex parte Pillsbury Flour Mills Co., 23 USPQ 168 (Comm'r. 1934). (MINITMIX, both MINIT and MIX required to be disclaimed, each apart from the other.)

We are unable to subscribe to the conclusion of the board that the letters "CVM," per se, constitute an undisclaimed portion of the prior mark and that appellant is precluded by estoppel on the basis that it consented to their subsequent separate registration.

We think it obvious that an unqualified claim of the right to register the initials CVM here asserted presents a new and different issue, neither contemplated in the prior proceeding nor fore-

---

4. The board seems to have overlooked the obvious fact that the three disclaimed words are *still a major portion of the registered mark* notwithstanding the disclaimer. The disclaimer does not *remove* them, leaving an *un*disclaimed "portion." If one followed the reasoning of the board on the petition for reconsideration—where the effort was made to find disclaimed and undisclaimed "portions" of the mark —one would have to conclude that, since the initial letters are part of the words disclaimed, they were of necessity disclaimed along with the words and therefore the entire mark was disclaimed, which is an impossibility, as the board concluded.

closed by final adjudication by reason of the stipulation of dismissal.

We agree with the board that:

In order that a prior proceeding may act as a bar or estoppel against the prosecution of a second action involving the same parties, it must be made to appear that the two proceedings involve identical questions of fact and law.

We disagree with the board's holding that we have here "identical questions of fact and law."

The decision of the board granting appellee's motion for summary judgment and dismissing the opposition is accordingly reversed.

Reversed.

KIRKPATRICK, J., took no part in the decision of this case.

SMITH, Judge (concurring).

I concur in the result reached by the majority for the reasons set forth in Old Grantian Co., Ltd. v. William Grant & Sons, Ltd., 361 F.2d 1018, 53 CCPA 1257 (1966).