58 CCPA

**Application of FISHER RADIO CORPORATION.**

**Patent Appeal No. 8511.**

United States Court of Customs and Patent Appeals.

May 6, 1971.

Rich, J., filed a dissenting opinion in which Lang, J., joined.

Henry L. Burkitt, New York City, attorney of record, for appellant.

S. Wm. Cochran, Washington, D. C., for Commissioner of Patents, Louise Fruge, Washington, D. C., of counsel.

Before RICH, ALMOND, BALDWIN and LANE, Judges, and SKELTON, Judge, United States Court of Claims, sitting by designation.

BALDWIN, Judge.

This is an appeal by Fisher Radio Corporation, appellant, from the decision of the Trademark Trial and Appeal Board,[1] affirming the action of the Examiner in refusing to register the trademark "STEREO MASTER"[2] for "controls for amplification for sound reproducing equipment" on the ground of likelihood of confusion under section 2(d) of the Lanham Trademark Act, 15 U.S.C. § 1052(d). The refusal to register was based on the existence of two prior registrations[3] of the mark "STERE-O-MATIC" for use with goods which both parties appear satisfied to broadly characterize as "tape recorders".

Appellant's contentions here appear to center primarily on the "weakness" of the cited mark and the distinctions between the goods involved. We are not convinced. It may well be true that there is little of a distinctive nature in the mark "STERE-O-MATIC". If such is the case, appellant's mark appears similarly vulnerable. Nevertheless, we still feel that the board was correct in holding that the goods here are closely enough related and the involved marks so similar that their concurrent use would be likely to cause confusion, mistake or deception under the test decreed by the statute.

The decision of the board is affirmed.

Affirmed.

1. The board's opinion is abstracted at 159 USPQ 793 (1968).

2. Serial No. 200,560, filed August 25, 1964.

3. The registrations are No. 635,109, issued October 2, 1956, for "Sound Recording And Playing Apparatus—Namely, Binaural Conversion Equipment For Tape Recording And Playing Apparatus", and No. 690,821, issued January 5, 1960, for "Electrical—Mechanical Apparatus For Recording And/Or Playing Audio And Electrical Signals."

RICH, Judge, dissenting, in which LANE, Judge, joins.

The goods of appellant as well as the goods named in the two reference registrations being "stereo" (or "Stere-O") equipment, the only arbitrary, non-descriptive portions of the marks are "MASTER" and "MATIC." I see no likelihood of confusion, mistake, or deception from concurrent use. "MASTER" and "MATIC" call up entirely different mental associations, do not look alike or sound alike, and are a common English word and a clearly recognizable part of a different common word, respectively.

It seems unlikely that if applicant's mark were passed to publication that the owner of the reference marks would be likely to oppose.