**V–M CORPORATION, Appellant,**

v.

**MAYFAIR SOUND PRODUCTS, INC.,**
**Appellee.**

**Patent Appeal No. 8959.**

United States Court of Customs
and Patent Appeals.
July 19, 1973.

---

F. Vern Lahart, John P. O'Brien, J. A. Dienner, Jr., Chicago, Ill. (Johnson, Dienner, Emrich, Verbeck & Wagner, Chicago, Ill.), attorneys of record, for appellant.

R. Howard Goldsmith, Henry S. Kaplan, Chicago, Ill. (Dressler, Goldsmith, Clement & Gordon, Chicago, Ill.), attorneys of record, for appellee.

Before MARKEY, Chief Judge, RICH, BALDWIN and LANE, Judges, and ALMOND, Senior Judge.

BALDWIN, Judge.

This appeal is from the decision of the Patent Office Trademark Trial and Appeal Board,[1] dismissing appellant's opposition to appellee's application to reg-

ister VOICE MAGIC for tape recorders.[2] Opposition was primarily based on prior use and registration of VOICE-O-MATIC, for tape recorders,[3] and VOICE OF MUSIC, for certain sound reproduction equipment including tape recorders.[4]

The board stated:

Turning now to a consideration of the marks in issue, applicant's mark "VOICE MAGIC" and opposer's marks "VOICE-O-MATIC" and "VOICE OF MUSIC", it is apparent that they are alike primarily in that each contains the word "VOICE". But in view of the highly suggestive if not descriptive character of the term "VOICE" as applied to tape recorders and sound reproducing devices (it is noted that the Examiner required applicant to disclaim the word "VOICE" apart from the mark as a whole) and the obvious and distinct differences in the other portions of the marks, it is concluded that the marks as a whole are readily distinguishable in sound and appearance and create such distinctly different commercial impressions or suggestive connotations that confusion or mistake as to the source of the products sold thereunder is not reasonably likely to occur.

We think that the board gave undue weight to the suggestive nature of VOICE, and to the disclaimer of that word apart from the mark as a whole. As the court said in United States Steel Corp. v. Vasco Metals Corp., 394 F.2d 1009, 1012, 55 CCPA 1141, 1144 (1968):

A disclaimer does not divide or separate portions of a mark from other portions. The mark remains as a unitary whole. The disclaimer * * * is merely of *legal consequences* of registration, not of parts of a mark.

Thus the disclaimer of the VOICE part of the mark is of no legal signifi-

1. Abstracted at 168 USPQ 474 (1970).

2. Serial No. 309,273, filed October 9, 1968.

3. Registration Serial No. 719,670, registered August 8, 1961.

4. Registration Serial No. 821,923, registered January 10, 1967.

cance in determining the likelihood of confusion of the marks *as a whole.*

While the board also concentrated on "the obvious and distinct differences in the other portions of the marks," in comparing appellant's VOICE-O-MATIC with appellee's VOICE MAGIC, the only differences we find are the presence of -O-, the use of T instead of G, and a slight difference in meaning. In our opinion, those differences are not sufficient either in sight, in sound, or in meaning, to prevent a reasonable likelihood of confusion, mistake or deception, within the meaning of section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d). While appellant's mark may be somewhat suggestive, even considered in its entirety, still appellant is entitled to prevail under the statute where there is a likelihood of confusion, mistake or deception. In re Fisher Radio Corp., 440 F.2d 1036, 58 CCPA 1158 (1971).

The decision of the board is reversed.

Reversed.

