### In re K–T ZOE FURNITURE, INC.

#### No. 92–1509.

United States Court of Appeals, Federal Circuit.

Feb. 8, 1994.

---

Jerome A. Gross, Jerome A. Gross & Associates, of St. Louis, Missouri, argued for appellant. With him on the brief was Carol J. Hamilton.

Nancy C. Slutter, Associate Solicitor, Office of the Solicitor, of Arlington, Virginia, argued for appellee. With her on the brief was Fred E. McKelvey, Solicitor. Of counsel were Richard E. Schafer, Lee E. Barrett and Albin F. Drost.

Before NEWMAN, ARCHER, and MAYER, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

K–T Zoe Furniture, Inc. seeks to register the following service mark for "custom manufacturing of furniture upholstered with fabrics furnished or pre-selected by customers":

The Trademark Trial and Appeal Board refused registration unless the applicant disclaimed the phrase "the sofa & chair company". This phrase had been disclaimed in two other registrations of the same mark, for "retail store services featuring custom upholstered furniture" and for "upholstered furniture". For the services of the appealed mark, however, the applicant has declined to make any disclaimer. This appeal is from the refusal to register the mark without disclaimer.[1] We affirm.

### Discussion

K–T Zoe manufactures and sells custom upholstered furniture, wherein customers choose a combination of fabric and furniture style, with design assistance and advice provided by K–T Zoe. Registration was sought on the Principal Register. Upon the applicant's showing of use and recognition of the mark, the examining attorney found that the mark in its script form had acquired distinctiveness under § 2(f) of the Lanham Act, 15 U.S.C. § 1052(f), and granted registration subject to disclaimer of the phrase "the sofa & chair company". The examiner explained to the Board that the phrase itself is either a generic or an "apt descriptive" term for the custom manufacture of upholstered furniture, and therefore required that the phrase be disclaimed. That is, the examiner held that registration under section 2(f) could be had for the typographical design of the words, but not for the words themselves.

The Board found that the phrase "the sofa & chair company" is not generic, but that it

is "apt descriptive"; and affirmed the requirement for disclaimer. K–T Zoe argues that the Board's finding of distinctiveness relates to the entire mark and thereby overcomes the rejection of the words as descriptive, thus negating the requirement of disclaimer of "the sofa & chair company".

### A

The designation "apt descriptive" (also called "common descriptive", as distinguished from "merely descriptive") had come to be used in trademark parlance to denote a term that, although not generic, is recognized by the interested public as the name of the product or service. As explained in the 1986 Revision of the Trademark Manual of Examining Procedure (TMEP):

> An apt or common descriptive name is one that, although not the generic name for a product in connection with which it is used, has become so associated with the product that, in a sense, it serves as, and is recognized in the applicable trade as, another name for the product.

TMEP § 1209.01(a) (1st ed., Rev. 7, Jan. 1986) (deleted in 1993 revision).

In 1988 the Lanham Trademark Act was amended to replace the designation "common descriptive" in § 14(c) and § 15(4) (15 U.S.C.A. § 1064(3) and § 1065(4) (West Supp.1993)) with the designation "generic", in order "to reflect current usage of the term by the courts and in general language". S.Rep. No. 515, 100th Cong., 2d Sess. 34, reprinted in 1988 U.S.C.C.A.N. 5577, 5597.

---

**1.** *In re K–T Zoe Furniture, Inc.*, Nos. 74/042,921, 74/042,922, 74/042,923 (TTAB March 12, 1992), *aff'd on reconsid'n* (TTAB June 8, 1992).

*See Park 'n Fly, Inc. v. Dollar Park and Fly, Inc.,* 469 U.S. 189, 194, 105 S.Ct. 658, 661, 83 L.Ed.2d 582 (1985) ("Marks that constitute a common descriptive name are referred to as generic"). The Trademark Manual was revised to state that "In view of the amendment of § 14, a distinction between generic names and apt or common descriptive names should no longer be made". TMEP § 1209.-01(c) (2nd ed., May 1993).

Recognizing this change, the Commissioner on this appeal asks us to view the Board's determination that the phrase "the sofa & chair company" is "apt descriptive" but not generic, as a ruling that the phrase is generic. This is not an accurate view of the Board's holding. The Board expressly ruled that the phrase is not generic, drawing a distinction that was authorized under the prior practice, and that can not fairly be ignored on this appeal.

■ The 1988 amendments were intended to simplify trademark analysis, not to enlarge the class of unregistrable marks. If the designations "apt descriptive" and "common descriptive" are now removed from the lexicon, as the Commissioner argues, leaving only "generic" and "descriptive", it is necessary to exercise enhanced sensitivity in selecting the appropriate designation: a "generic" term is forever denied registration, whereas a "descriptive" term may become registrable if secondary meaning is established. *See In re Northland Aluminum Products, Inc.,* 777 F.2d 1556, 1559–60, 227 USPQ 961, 963–64 (Fed.Cir.1985) (a generic term is the name of a product or service). The infinite variety of language will on occasion cause the boundary to be fuzzy. *In re Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 828 F.2d 1567, 1569, 4 USPQ2d 1141, 1142 (Fed.Cir.1987). Professor McCarthy has explained that

> descriptive terms describe a thing, while generic terms name the thing. But in applying this to actual words, one quickly realizes that there is only a fine line between describing and naming. In one sense, a generic designation is the ultimate in descriptiveness.

1 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 12.05[1] (3d ed. 1992).

■ The Trademark Office bears the burden of establishing that the phrase "the sofa & chair company" is generic, by adducing sufficient evidence of the phrase's meaning to the relevant purchasing public. A strong showing is required when the Office seeks to establish that a term is generic, not descriptive, for specific goods or services to which the applicant has attached it. *See Merrill Lynch,* 828 F.2d at 1571, 4 USPQ2d at 1143.

■ The Commissioner observes that the terms "sofa" and "chair" are the generic names for the goods that the applicant manufactures. The Commissioner's interpretation, that the Board found as fact that the phrase was generic, is not in accord with the Board's opinion. The Board held, we think correctly, that the phrase "the sofa & chair company" is not generic for the services for which registration is sought, for the common meaning of the phrase does not clearly include the specificity of this particular custom upholstery service.

## B

■ A term that is not clearly generic is appropriately viewed as descriptive. Thus the term may acquire trademark status through use. To register such a mark, an adequate showing of acquired distinctiveness or secondary meaning is required. The showing that may be deemed adequate will of course depend on the particular facts; the requisite weight of evidence will vary with the degree of descriptiveness of the mark. *See In re Broco,* 225 USPQ 227, 230 (TTAB 1984) ("an applicant need not conclusively establish distinctiveness but, rather, only a prima facie case") in order to pass the application to publication in accordance with § 12(a). *See Yamaha International Corp. v. Hoshino Gakki Co., Ltd.,* 840 F.2d 1572, 1576, 6 USPQ2d 1001, 1004 (Fed.Cir.1988). The evidence must relate to the specific services set forth in the application, and the specific mark for which registration is sought. *See In re Failure Analysis Associates,* 1 USPQ2d 1144, 1146 (TTAB 1986).

The Board found that the evidence presented by K–T Zoe established secondary meaning only for the words in their script design, and not for the phrase "the sofa & chair company" alone. K–T Zoe argues that the words and their script are not severable, and therefore that the Board's acceptance of the showing of secondary meaning enures to the words as well as to their script. K–T Zoe states that its mark is unitary and not divisible into components, and therefore that § 6(a) of the Lanham Act by its terms does not apply. K–T Zoe states that the words "the sofa & chair company" and their script design are so integrated that disclaimer of the words alone is inappropriate.

The Commissioner is authorized to require disclaimer of "an unregistrable component" of a mark. Lanham Act § 6(a), 15 U.S.C. § 1056(a). When the mark is a typographical design, "it is entirely possible to disclaim all the [word or letter] components of such a design mark ... and still have a registrable whole". *U.S. Steel Corp. v. Vasco Metals Corp.*, 394 F.2d 1009, 1012, 157 USPQ 627, 630 (CCPA 1968). However, the registration may be limited to the stylized form of otherwise unregistrable words.

 The purpose of the disclaimer practice is to enable, not to bar, registration. Although occasionally criticized, *e.g.*, Saul Lefkowitz, "Disclaimers—May They Rest in Peace", 71 Trademark Rep. 215 (1981), the practice can facilitate the commercial purposes of the trademark law, by enabling registration of a distinctive style of displaying words when the words themselves are not registrable. *See, e.g., In re Miller Brewing Co.*, 226 USPQ 666, 668 (TTAB 1985) (configuration of disclaimed word "LITE" may be registered on Principal Register if the style of lettering functions as a trademark). However, a distinctive configuration of words does not of itself impart registrability to the words standing alone.[2]

We agree with the Board's view that the words and the stylized script of "the sofa & chair company" are separable elements, and that only the script design of the words was shown to have acquired secondary meaning. Although K–T Zoe refers to its radio advertising and "oral discussions at trade shows" as evidence that the public perception of the mark is unencumbered by the script design, we do not discern clear error in the unpersuasive weight that the Board gave to this evidence, in light of the strongly descriptive character of the phrase.

On the record adduced, the refusal of registration is

*AFFIRMED.*

---

2. Lanham Act § 6(b) makes clear that the applicant is not barred from later establishing that disclaimed words have, with time and use, acquired distinctiveness:

§ 6(b) No disclaimer ... shall prejudice or affect the applicant's or registrant's rights then existing or thereafter arising in the disclaimed matter, or his right of registration on another application if the disclaimed matter be or shall have become distinctive of his goods or services.

15 U.S.C. § 1056(b).