30 C.C.P.A.(Patents)

# In re HOOVER CO.

**Patent Appeal No. 4653.**

Court of Customs and Patent Appeals.
March 1, 1943.

W. D. Sellers of Chicago, Ill. (Robert M. Zacharias of Latrobe, Pa., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

The Hoover Company, as assignee of Bernard C. Becker, deceased, has here appealed from the decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner in rejecting claims 20 to 23, inclusive, and 26 to 28, inclusive, of an application for a patent relating to a suction cleaner, such as a mechanical carpet sweeper,

and particularly relating to an improved odorizer unit in such cleaner.

It is unnecessary to discuss the invention or to set out the claims, since the sole ground of rejection of the claims was that of estoppel. The subject matter of the claims, except as hereinafter referred to, is therefore not a matter of consequence here.

The rejection on the ground of estoppel grew out of the following statement of facts:

The instant application was filed April 9, 1934. It became involved in an interference, No. 71,801, with that of one Josef F. Heuberger filed October 30, 1933. Heuberger claimed the benefit of the filing dates of two German applications filed on December 2, 1932, and January 31, 1933, respectively. Becker was therefore the junior party. He moved to dissolve the interference, which originally contained only one count, on the ground that he himself could not make the count and that it was unpatentable over art. Later he withdrew the first ground of his motion. Heuberger moved to add proposed counts 2, 3, 4, and 5. This motion Becker opposed on the ground that proposed count 2 was not readable on Heuberger's disclosure and also that it and the other proposed counts were unpatentable over the art. The Primary Examiner granted Becker's motion as to count 1, holding that it was unpatentable. He also held that proposed count 2 was unpatentable, but he concluded that proposed counts 3, 4, and 5 were patentable and read on both parties' structures. The interference was then redeclared upon said counts 3, 4, and 5, which were renumbered 1, 2, and 3.

At final hearing the Examiner of Interferences, upon his own motion, held that Heuberger could not make the counts inasmuch as they contained the limitation "a hollow part integral with said casing" or "a hollow part integral with said cover member" which was not to be found in the Heuberger disclosure. He therefore awarded priority to Becker on that ground alone as to counts 1, 2, and 3 (which now correspond to allowed claims 17, 18, and 19 of the Becker application). That holding was affirmed by the Board of Appeals and later by this court, our decision being found in Heuberger v. Becker, 107 F.2d 601, 27 C.C.P.A., Patents, 746.

In the interference, both parties had taken testimony, but neither tribunal below gave any consideration to it or made any finding concerning it. The sole ground upon which priority was awarded was, as before stated, that the counts did not read on Heuberger's disclosure.

Upon the above statement of facts, the Primary Examiner, in the instant ex parte proceeding, made the following holding:

"All the claims on appeal are rejected on the ground of estoppel to prosecute claims which may form the basis of a second interference between applicant and Heuberger in view of applicant's failure to present claims directed to common subject matter in Interference No. 71,801 under the provision of Rule 109, Rules of Practice [35 U.S.C.A.Appendix]. Claims 26, 27, and 28 admittedly read on both applicant's device and that disclosed by Heuberger and applicant, in the amendment of July 5, 1940 (Paper No. 21), has applied these claims to the two structures. Claims 20 to 23 also clearly read on both applicant's and Heuberger's constructions and at no place in the record does applicant traverse the holding that the appealed claims are directed to common subject matter. When Interference No. 71,801 was set up it was incumbent upon the parties thereto to present such claims as counts of the interference as would permit a final decision on either the existence of an interference in fact or priority of invention. Applicant failed to propose such claims but, instead, elected to accept a decision in his favor on counts which Heuberger could not make and applicant now seeks either to obtain claims to common subject matter *ex parte* or to institute a second interference. Both of these courses are improper, the first because applicant was never adjudged to be the first inventor of *common* subject matter, the second because one interference has already been conducted and a second interference would be a burden both on the Office and on the parties thereto. Rule 109 was expressly promulgated so that parties to an interference, having been brought face to face and having seen each other's cases, might have the opportunity to settle in a single interference all conflict between them which might properly be considered in that interference. Having failed to take that opportunity, applicant is now estopped to raise once more issues which involve a conflict with Heuberger.

"The only relaxation of the foregoing principles would appear to be that single

situation which falls within the provisions of the second paragraph of Rule 116, Rules of Practice. The exception there made, however, is only for the benefit of the *senior* party where the interference has been *dissolved*. In the present case applicant is the *junior* party and has been awarded *priority* on the ground that the senior party could not make the counts of the interference." [Italics quoted.]

The material part of the Board of Appeal's decision, which we are here called upon to revise, reads as follows:

"It is believed that the situation may be stated broadly and briefly as that applicant is now attempting to secure allowance of claims readable upon both parties of the above noted interference that are intermediate in scope between claims such as original count 1 and a proposed count that were held so broad as to be not patentable over the prior art and the final counts of the issue on which priority was awarded. The case presents a peculiar situation in that although testimony was taken by applicant it was not treated on its merits further than consideration of the preliminary statement, but the Examiner of Interferences of his own motion held that opposing party Heüberger could not make the counts of the issue because of the limitation to a hollow part being integral with the casing. The award was appealed to the Board and to the Court who in turn affirmed the holding by the Examiner of Interferences.

"During the interlocutory proceedings applicant was regarded as junior party but since priority was awarded to him it is his contention that he should now be regarded as senior party and for all purposes. The examiner holds that since the interference terminated in rather unusual manner, that applicant's position of being senior party rests upon a kind of mere technicality rather than real proof of seniority as to merits. Applicant on the other hand contends that if the testimony had been considered he believes award would have been in his favor as based actually upon merits. As the case stands at present, however, we can give no weight to the latter contention. Applicant did not insist that the case be tried upon merits of the proofs and it seems in fact that such would have been a kind of moot proceeding if in fact as it actually appears, Heüberger could not strictly be entitled to make the terms of the counts of the issue. The Examiner of Interferences indicated in this respect that if on appeal it should be determined that Heüberger was entitled to make the counts then the date of the foreign patent upon which he relied and was assumed to be entitled to benefit of date was earlier than any date alleged in the preliminary statement of the present party Becker.

"After careful consideration of the record, it is our view that the present situation presents a case of estoppel by failure to prosecute to full extent possible proceedings under Rule 109. It was of course the duty of both parties, particularly Becker the junior party, during interlocutory proceedings and motion period to see that claims fully representative of common subject matter were included in the issue. It may still have been possible after the decision by the Examiner of Interferences disposing of the case in effect on the ground of no right of one of the parties to make the counts, to have secured reformation of the interference under the special circumstances. However, since the case was permitted to proceed to final termination upon that situation although somewhat unusual, it is our conclusion that the ground of estoppel is applicable. Dirkes et al. v. Eitzen [Cust. & Pat.App.], 103 F.2d 520, 1939 C.D. 585; Daniels v. Coe, 521 O.G. 787, U. S. Court of Appeals, D.C., decided October 28, 1940; Avery v. Chase [Cust. & Pat.App.], 101 F.2d 205, 1939 C.D. 213. It is our opinion that the particular situation presented by the present record is not such as to entitle applicant, as a matter of course, to claim any or all claims readable upon the opposing party as would be true in a normal case of award of priority. Under the circumstances presented, we hold estoppel applicable."

Appellant petitioned the board to reconsider its decision, urging that the case of Blackford v. Wilder, 28 App.D.C. 535, 1907 C.D. 491, was controlling. The board, in denying the petition, said: "It is believed the questions proposed in the petition may be answered by stating that the rule of Blackford v. Wilder [28 App.D.C. 535], 1907 C.D. 491, holding generally that the winning party is entitled to take all, may be subject to some exceptions. This seems indicated by In re Long [Cust. & Pat.App.] 83 F.2d 458, 23 C.C.P.A., Patents, 1078, 1936 C.D. 428. No reason is found for changing our decision."

A petition for rehearing was then filed with the board, which it denied.

Appellant, in this court, contends that In re Long, supra, 83 F.2d 458, 23 C.C.P.A., Patents, 1078, has no bearing upon the issue here since in that case the loser, not the winner, was held not to be estopped from obtaining claims for subject matter broader than the interference issue. It urges that the case of Blackford v. Wilder, supra, is so pertinent to the issue involved here that it is controlling. It also relies upon In re Wasserfallen, 54 App.D.C. 367, 298 F. 826, and Sutton et al. v. Wentworth, 41 App.D.C. 582. Appellant's brief discusses at some length various decisions of this court and attempts to point out wherein they are either not in point or sustain appellant's contentions. Among them are In re Ellis and Holden, 47 F.2d 963, 18 C.C.P.A., Patents, 1060; In re Long, supra; Avery v. Chase, 101 F.2d 205, 26 C.C.P.A., Patents, 823; Dirkes et al. v. Eitzen, 103 F.2d 520, 26 C.C.P.A., Patents, 1198; and Saunders v. Browne, 117 F.2d 547, 28 C.C.P.A., Patents, 884.

The burden of appellant's argument is to the effect that, notwithstanding the fact that Becker did not, during the motion period in Interference No. 71,801, under Rule 109 of the Patent Office, 35 U.S.C.A. Appendix, bring forward claims to the broad subject matter, appellant, by virtue of the fact that Becker won the priority contest as to the counts there involved, is now entitled to take all common subject matter of the two applications even though such subject matter may be defined in claims broader in scope than the interference counts.

■ We have frequently had occasion to refer to and discuss the case of Blackford v. Wilder, supra. It was the beginning of a long line of decisions, relating to Patent Office matters, based upon the true doctrine of legal estoppel—estoppel by judgment—res judicata. Also, in patent proceedings, the doctrine of equitable estoppel—estoppel in pais—or estoppel by conduct—has frequently been applied. One of the fundamental bases of estoppel by conduct was expressed in the case, Consolidated Fruit-Jar Co. v. Wright, 94 U.S. 92, 96, 24 L.Ed. 68, a patent case, in the following language: "He who is silent when he should speak must be silent when he would speak, if he cannot do so without a violation of law and injustice to others." The case referred to it as a "principle akin to the doctrine of equitable estoppel." This doctrine has frequently been of controlling importance in interference proceedings involving the failure to comply with Rule 109. It, in fact, is one of the basic principles underlying most court holdings in patent estoppel cases and with much force applies in the case at bar.

In order to understand the force and effect of the pioneer case, Blackford v. Wilder, supra, we think the facts there involved should be fully stated. Blackford and Wilder were originally in an interference in which the counts were narrow. Blackford was finally awarded priority of invention of those counts by the Court of Appeals of the District of Columbia (now the United States Court of Appeals for the District of Columbia), the decision being reported in 21 App.D.C. 1. Wilder thereafter presented amended claims, much broader in scope, and sought another interference with Blackford, involving the same two applications as in the first. The interference was declared, and the Patent Office tribunals, by concurring decisions, awarded priority to Wilder. Blackford appealed to the said Court of Appeals, and it reversed the decision of the Commissioner of Patents. It pointed out that Wilder, in the first interference, had made no effort to contest priority on the broader counts but had "preferred to adopt the more specific claims of the first issue." The court applied the rule of estoppel by judgment and said: " * * * Applying the well-settled principle of estoppel by judgment, before stated, it follows inevitably that the final decision in the first interference is conclusive, unless it can be made to appear that the question upon which the determination of the second case rests is one that neither was nor could have been presented and determined in the first case."

Appellant has quoted from Blackford v. Wilder the following: " * * * It is further provided in rule 132, that whenever an award of priority has been rendered in an interference proceeding by any tribunal, and the limit of appeal therefrom has expired, the Primary Examiner shall advise the defeated party that the claims so involved in the issue stand finally rejected. In interpreting this rule (A. D. 1891) Mr. Commissioner Mitchell held that the Examiner, after rejecting all claims which are or could be made by the prevailing party, may properly allow to the defeated party such other claims as are held to be

patentable and which could not be made by the prevailing party; and that no claim should be allowed to the defeated party which could by any latitude of construction be held to embrace matter common to the structure of both parties to the interference. * * *".

█ It seems that the last above quoted language is that which is particularly relied upon by appellant in the instant proceeding—that is to say, that Blackford v. Wilder is authority for a settled rule of law in patent interference proceedings that to the winner belongs all the common subject matter contained in the disclosures of all the parties. The above-quoted statement, which contains Commissioner Mitchell's interpretation of Rule 132, seems to be the settled Patent Office practice and obviously is a fair and proper procedure. It will be observed, however, that the statement refers to the "prevailing party" and to the fact that the rule applies where "priority has been rendered." That rule was stated in a case where *priority* had been awarded on the merits, and the "prevailing party" was not one who had been successful in the contest merely because the involved counts did not read upon the other party's disclosure. The court applied the well-settled equitable rule that the award of priority to the prevailing party made applicable the rule of res judicata, not only to the subject matter of the counts involved but to all subject matter that could have been presented and determined in that interference.

The Solicitor for the Patent Office has called attention to the case of In re Long, supra, as being a case in which an exception was made to the Patent Office practice and the loser, under the particular circumstances there, was permitted to have certain common subject matter. He also states that the following cases present exceptions to the rule: In re Curtiss, 46 App.D.C. 183; In re Allsop and Sibson, 58 App.D.C. 187, 26 F.2d 559.

The chief difference between In re Long and the instant case is that in the former we held, under the particular circumstances set out, that Long, the loser of a previous three-party interference, was not estopped in the ex parte prosecution of his application from receiving claims broader than those involved in the interference. The parties to the interference were Long, Evans, and Day. The issue covered an improvement upon the broad invention disclosed and claimed by Long in the ex parte case. Evans won the interference on the narrow counts, but counts intermediate in scope between those of the interference and the broad claims sought by Long ex parte were held by the Examiner of Interferences not to be allowable to Evans or to Day and were unpatentable to them. Evans, in his application, had disclaimed the subject matter which Long afterwards prosecuted in the ex parte proceeding, and both Evans and Day, by their conduct, had clearly conceded that they were not the inventors of the broad subject matter.

In deciding the Long case, we cited In re Rhodes, 80 F.2d 525, 23 C.C.P.A., Patents, 816, on the general proposition of estoppel arising from failure to comply with Rule 109, and then stated [83 F.2d 462]: "We know of no case, however, where a party losing narrow claims in an interference has been denied broad claims because he failed to present the same in an interference where the subject-matter was not patentable to any one of the other parties, and where they, in claiming an improvement over the broad invention, either disclaimed the broad invention or by their conduct clearly conceded that in any event they could not be regarded as its first inventor." Under such circumstances it would have been a miscarriage of justice to deny Long the broad claims to the subject matter of which he was concededly the first inventor. In the instant case, Becker's assignee is in no such equitable position as was Long.

Aside from the fact that the Long case may be cited as an exception to the general rule that the winner of an interference is entitled to all common subject matter, we see little, if any, direct bearing that the case may have upon the decision of the instant issue.

█ The authorities are uniform to the effect that a question cannot be res judicata in view of a prior decision unless the issue therein was determined on its merits. A. O. Smith Corp. v. Petroleum Iron Works Co. of Ohio, 6 Cir., 73 F.2d 531, 24 U.S.P.Q. 183; Hughes v. United States, 4 Wall. 232, 18 L.Ed. 303; Baker v. Cummings, 181 U.S. 117, 21 S.Ct. 578, 45 L.Ed. 776; Southern Pacific R. R. v. United States, 168 U.S. 1, 18 S.Ct. 18, 42 L.Ed. 355; Brown v. Fletcher, 6 Cir., 182 F. 963. The board, in said Interference No. 71,801, awarded priority to Becker after holding that Heuberger could not make the counts. There was no consideration upon the merits

of the issue of priority of invention of any subject matter common to both applications. In that interference there was no motion to dissolve, and Becker had not questioned the right of his opponent to make the counts. The Examiner of Interferences, of his own volition, held that Heuberger could not make them, and this action was affirmed by the board and by this court. Although the decision of the board and of this court awarded priority to Becker, the award was upon the sole ground that Heuberger could not make the counts. The action of the board and of this court, therefore, was equivalent to a holding that the interference had been improperly declared and was res judicata on the question of the right to make the claims involved in the interference but was not res judicata as to any common patentable subject matter which was not there involved. The result is the same, as far as the claims involved in the interference are concerned, as though Becker had moved to dissolve the interference and the Primary Examiner had sustained the motion and dissolved the interference.

When Becker had the opportunity to present the instant claims under Rule 109 for priority adjudication, he remained silent. Having remained silent when he should have spoken, he is estopped from speaking now. His assignee, under the circumstances stated, is not entitled to a second interference, and to sustain its contentions here would be injurious to its adversary and to Patent Office procedure.

Appellant contends that the case of Sutton et al. v. Wentworth, supra, is directly in point. If it were conceded that the Sutton case was correctly decided, we think it can be distinguished from the instant one. Becker made no motion to dissolve on the ground that Heuberger could not make the counts, while in the Sutton case a motion to dissolve was made by Wentworth on the ground that Sutton et al. could not make the count, but Sutton et al., during the motion period, did not move to dissolve on the ground that Wentworth could not make the count. It was therefore no fault of Wentworth that an award of priority, instead of a dissolution, finally resulted. Moreover, when the Examiners-in-Chief held that Sutton et al. could not make the count, they suggested a claim that they considered proper to represent the common subject matter. Sutton et al. declined to make this claim inter partes but later,

after the interference was over, presented substantially the same claim for ex parte consideration, and another interference was declared. The holding in the Sutton case was not that the prior decision settled the right to every claim which might have been included (or the right to all common subject matter) but only the right to that particular claim which Sutton et al. had *refused* to seasonably make.

The facts in the instant case are materially different from those in the Sutton case. There was no contention that Heuberger did not disclose the invention of the counts, until the Examiner of Interferences, of his own motion, so held, and none of the claims urged on this appeal were presented until after the interference had terminated. It appears that Becker deliberately refrained from contesting priority with Heuberger on the broad claims but allowed the contest to proceed to an award of priority on a technical ground, involving no consideration of the evidence. Moreover, the Sutton case, like a number of other early interference cases, did not involve a consideration of the provisions of Patent Office Rule 109.

Appellant, since the argument of the case, has submitted a memorandum calling attention to the fact that the Board of Appeals, in considering the Heuberger application ex parte after the instant appeal was taken, denied to Heuberger, on the ground of estoppel, claims involving broad subject matter (Ex parte Heuberger, 55 U.S.P.Q. 331), and to the fact that subsequent to said decision, Heuberger took out his patent No. 2,302,548 on November 17, 1942. Appellant argues that this shows an inconsistency on the part of the board. The Heuberger case is not before us, and we are not privileged to discuss the merits or demerits of the decision. It is sufficient to say that the said Heuberger holding is no warrant for a conclusion here differing from that at which we have arrived.

██ For the reasons hereinbefore stated, we therefore hold, first, that Becker's assignee, as winner of the interference in the manner stated, is not entitled to the involved claims upon the theory that the prevailing party is entitled to all common subject matter; second, that Becker's assignee is estopped from claiming the subject matter here involved because of Becker's failure during the motion period of said interference to bring forward,

under Rule 109, the involved claims for interference purposes.

We think that the tribunals below correctly decided the issue, and the decision of the Board of Appeals affirming that of the examiner is affirmed.

Affirmed.