53 CCPA

**OLD GRANTIAN COMPANY, Limited,**
**Appellant,**

v.

**WILLIAM GRANT & SONS LIMITED,**
**Appellee.**

**Patent Appeal No. 7625.**

United States Court of Customs
and Patent Appeals.
June 16, 1966.

H. John Campaign, New York City, for appellant.

G. Cabell Busick, Washington, D. C. (Boynton P. Livingston, Washington, D. C., of counsel), for appellee.

Before RICH, Acting Chief Judge, MARTIN, SMITH and ALMOND, Judges, and Judge WILLIAM H. KIRKPATRICK.[*]

SMITH, Judge.

We are here dealing with a decision of the Trademark Trial and Appeal Board granting opposer's motion for summary judgment. The substance of that motion as summarized by the Trademark Trial and Appeal Board is "that applicant having admitted that it was privy to the previous proceeding from which no appeal was taken is estopped from relitigating the issue of likelihood of confusion since the mark under attack herein is, in legal contemplation, substantially the same as that previously opposed."

This appeal comes to us based on the following facts of record. Appellant sought registration of its mark "Old Grantian" for Scotch whisky on the Principal Register.[1] Upon publication it was opposed by appellee, owner and registrant of the trademark GRANT'S for blended Scotch whisky.[2] The opposition was predicated on two grounds. Appellee alleged that appellant's mark, when applied to Scotch whisky, so resembled appellee's previously registered and used trademark as to be likely to cause confusion or to cause mistake or to deceive. Section 2(d), Trademark Act of 1946 (15 U.S.C. § 1052(d)).

---

[*] United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of Chief Judge WORLEY, pursuant to provisions of Section 294(d), Title 28, United States Code.

1. Serial No. 172,841, filed July 11, 1963.

2. No. 346,426, registered May 25, 1937, renewed, May 25, 1957.

Appellee also alleged as follows:

On March 9, 1953, applicant's predecessor, Ian Grant & Co. Limited, filed application Serial No. 643,316 in the United States Patent Office for registration of the trademark GRANTIAN for Scotch whisky. Said application was published in the Official Gazette of August 24, 1954, and was opposed by the present opposer, William Grant & Sons Limited, said proceeding being identified as Opposition No. 34,018. No Answer was filed by the applicant, Ian Grant & Co. Limited, and on March 4, 1955, the Examiner of Interferences entered judgment sustaining the Notice of Opposition and adjudging that the applicant, Ian Grant & Co. Limited, was not entitled to the registration for which it had made application. Said decision of the Examiner of Interferences was not appealed and the decision became final.

On this basis, appellee asserted further that:

Applicant, Old Grantian Company Limited, as a successor in interest to Ian Grant & Co. Limited, is precluded by the decision in opposition No. 34,018, with respect to the mark GRANTIAN, from registering substantially the same mark OLD GRANTIAN for the same goods.

Appellant, in its answer, admitted its predecessor Ian Grant & Co., Ltd., had applied for registration of the mark GRANTIAN and denied any knowledge or information to form a belief as to the outcome of opposition No. 34,018. Appellant also alleged four "affirmative defenses."

Appellee then moved to strike affirmative defenses 1, 2 and 4. Appellant moved to amend defense number 4 and opposed the motion to strike the above defenses. Appellee submitted additional argument in support of its motion to strike defense 1 and amended defense 4. By letter of July 15, 1964, appellee's motion to strike was denied in all respects by a member of the Trademark Trial and Appeal Board.

Appellee then submitted a motion for summary judgment on the ground that "the decision in the prior opposition proceeding is clearly res judicata on the issues in the present opposition and Opposer is entitled to summary judgment sustaining its Notice of Opposition," and requested that the trial dates be suspended pending the board's decision on the motion.

Concerning prior opposition No. 34,018, all we have of record here is a letter of an Examiner of Interferences in the prior opposition which states as follows:

The record shows that an answer has not been filed herein.

Accordingly, notice of default is hereby entered under Civil Procedure Rule 55(a).

Applicant is allowed twenty days from the date hereof to show cause why judgment should not be entered under Rule 55(b) F.R.Civ.P.

We do not have of record here appellee's notice of opposition stating the grounds in the prior opposition. Appellee alleges, in its motion for summary judgment, that the ground of opposition in the prior opposition was likelihood of confusion, section 2(d), and also,

* * * The records of the Patent Office discloses [sic] that the Applicant, Ian Grant & Co. Limited failed to defend the opposition and on March 4, 1955 the Examiner of Interferences entered judgment sustaining the Notice of Opposition adjudging that the Applicant was not entitled to the registration for the trademark GRANTIAN. This decision was not appealed and became final.

Appellee's motion for summary judgment was granted. A motion for summary judgment by appellant was denied. Appellant argues here that appellee's motion was improperly granted and its motion should have been granted.

We are governed here by Rule 56 of the Federal Rules of Civil Procedure (see Rule 2.117, Trademark Rules of Practice), which provides, in pertinent part, as follows:

Rule 56. Summary Judgment

\* \* \* \* \* \*

(c) Motion and Proceedings Thereon.

\* \* \* [Summary Judgment] shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. \* \* \*

■ The function of summary judgment is to avoid a useless trial and it is to be cautiously granted. 6 Moore, Federal Practice 2101, 21 (2d ed. 1953). Also,

The courts are in entire agreement that the moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitle him to judgment as a matter of law. Id. at 2123.

Appellee, in seeking to discharge the above burden, argues that, as a matter of law, there is a likelihood of confusion between OLD GRANTIAN and GRANT'S because adding the word "OLD," which is "descriptive or misdescriptive of the age of whisky and \* \* \* commonplace among whisky trademarks," "does not create a different trademark but rather is an attempt by applicant to evade the consequences of the prior judgment."

■■ Where a motion for summary judgment is based on an allegation of res judicata, we are guided as follows:

Under general basic principles that control the grant or denial of summary judgment, a motion for summary judgment on the basis of a prior judgment should be denied if the prior judgment has no res judicata or collateral estoppel effect between the parties to the present action; or if there is a genuine issue of material fact as to the validity of the prior judgment, its scope and coverage, privity, or whether it was on the merits so that it is controlling in the case at bar.

On the other hand where the prior judgment has legal effect, under established principles of res judicata or collateral estoppel, and its application to the parties in the case at bar does not involve any genuine issue of material fact, summary judgment may be rendered for the claimant, or the defendant, as the prior judgment may warrant. 6 Moore, Federal Practice 2257–58 (2d ed. 1953).

We thus must determine the "legal effect" of the prior judgment. The Supreme Court, in Last Chance Mining Co. v. Tyler Mining Co., 157 U.S. 683, 691, 15 S.Ct. 733, 736, 39 L.Ed. 859 (1895), commented on the effect of a judgment by default as follows:

It is said that the defendants did not contest, that they withdrew their answer, and that there was only a judgment by default. But a judgment by default is just as conclusive an adjudication between the parties *of whatever is essential to support the judgment* as one rendered after answer and contest.

The essence of *estoppel by judgment* is that there has been a judicial determination of a fact, and the question always is, has there been such determination? and not, upon what evidence or by what means was it reached? A failure to answer is taken as an *admission* of the truth of the facts stated in the complaint, and the court may properly base its determination on such admission. [Emphasis added.]

■ Evaluating the default judgment in the instant case according to the above principles, we find that all the record shows of the previous opposition is that appellant's predecessor failed to answer

appellee's notice of opposition. Under Rule 2.106(a), the Patent Office may sua sponte decide the opposition as a case in default and proceedings under Rule 55 (b), Federal Rules of Civil Procedure, would be proper. Under these rules, the failure to answer is all that is necessary to support the judgment.

If we would accept appellee's allegation that the previous notice of opposition was based on likelihood of confusion as proof of that material fact, the effect of the default judgment is that appellant's predecessor made an admission that there was a likelihood of confusion between GRANT'S and GRANTIAN as applied to Scotch whisky. That admission is all that is essential to support the judgment.[3]

■ It is at once apparent that appellee relies on and is limited to the doctrine of estoppel by judgment as part of its proof in support of its motion for summary judgment. The most that doctrine can supply here is that there has been an admission of likelihood of confusion between GRANT'S and GRANT-IAN. Appellee has the burden of proving that, *as a matter of law,* there is a likelihood of confusion between OLD GRANTIAN and GRANT'S *and there is no genuine issue as to any material fact.* We do not find the appellant has met this burden of proof.

■ First, appellee, as proof of the fact that "OLD" is descriptive or mis-descriptive of the age of whisky and commonplace among whisky trademarks, asks us to take judicial notice, or, in the alternative, adopt an observation to this effect in Old Charter Distillery Co. v. Continental Distilling Corp., 174 F.Supp. 312 (D.C.Del.1959) (decided on other grounds). We think that this is a material fact which must be proven through the submission of evidence.

■ Second, the appellant has plead four affirmative defenses which the ex-

aminer sustained as against appellee's motion to strike. In "affirmative defense" number 1, appellant cited certain third party registrations. The examiner construed this defense as pleading that appellee's mark was weak and he concluded that this was relevant to the issue of likelihood of confusion. The examiner sustained defense number 2 as relevant to appellee's claim of damage. Defense number 4, alleging laches, estoppel and acquiescence, was sustained by the examiner as matter properly raised in an opposition and involving a question of the sufficiency of proof. While the board held in its decision granting appellee's motion for summary judgment that the subject matter pleaded as defenses 2 and 3 were insufficient *grounds* to grant *appellant's* motion for summary judgment, this holding is not dispositive of the issues raised by the examiner's denial of appellee's motion to strike that subject matter as affirmative defenses. We think there remained for trial genuine issues as to material facts and appellee was not entitled, as a matter of law, to judgment. Therefore appellee's motion for summary judgment should have been denied.

■■ Summary judgment may serve a useful function in trademark matters and this court has previously held that the doctrine of res judicata may be applicable. See In re Retail Clerks Int'l Protective Ass'n, 149 F.2d 153, 32 CCPA 1004. Where the issue is likelihood of confusion, care must be exercised as the determination of that issue may involve many factors, not all of which remain the same over a period of time. Here appellant has alleged facts in its "affirmative defenses" which have occurred since the prior opposition. The examiner has ruled these facts relevant to the ultimate issue of likelihood of confusion. Also, the mark for which registration is sought is different from the

---

3. Appellant argues that Rule 2.106(b), apparently meaning Rule 2.106(c), should be construed to allow an applicant to abandon an application without prejudice if the applicant does not file an answer to the notice of opposition. This unsupported argument is without merit.

mark involved in the prior opposition. The scope of protection to which a mark is entitled is not fixed by time; rather, the owner's past conduct is always relevant as the mark may become strong or weak with the passage of time.

The above reasoning applies equally well to appellant's motion for summary judgment. The substance of appellant's motion does not establish, as a matter of law, that there is no likelihood of confusion between OLD GRANTIAN and GRANT'S. There remains for determination the issue of likelihood of confusion considering all of the facts of record, the weight to be accorded the default judgment, and such other evidence as the parties care to submit.

For the above reasons, the decision of the board is reversed and the cause is remanded to the board for further proceedings not inconsistent herewith.

Reversed and remanded.