Victor DeCOSTA, Appellant,

v.

COLUMBIA BROADCASTING SYS-
TEM, INC., Appellee.

Patent Appeal No. 9211.

United States Court of Customs
and Patent Appeals.

June 13, 1974.

Rehearing Denied Aug 22, 1974.

Leonard Michaelson, Salter & Michael-
son, Providence, R. I., attorney of record,
for appellant.

Joseph D. Garon, New York City, at-
torney of record, for appellee; Brum-
baugh, Graves, Donohue & Raymond,
New York City, of counsel.

Before MARKEY, Chief Judge, and
RICH, BALDWIN, LANE and MILL-
ER, Associate Judges.

MILLER, Judge.

This is an appeal from the decision of
the Trademark Trial and Appeal Board
(abstracted at 176 USPQ 498 (1972))
granting opposer-appellee's motion for
summary judgment and denying appli-
cant-appellant's cross-motion for summa-
ry judgment, with the result that the op-
position was sustained and the registra-
tion refused.[1] We reverse and remand.

The decision of the board was premis-
ed on estoppel of applicant-appellant
from seeking to register the service
mark here involved (shown below), be-
cause he had previously sought to regis-
ter such mark for essentially identical
services[2] and had not taken an appeal

1. Application Serial No. 356,049, filed April
6, 1970, alleging first use and first use in
commerce in July, 1947; Opposition No.
52,531, filed December 27, 1971.

2. Application Serial No. 151,733, filed August
23, 1962; Opposition No. 44,299, filed Au-
gust 17, 1964.

from a default judgment entered against him on November 23, 1964, sustaining an opposition which had been filed by the opposer-appellee in this action.[3]

HAVE GUN WILL TRAVEL

WIRE PALADIN

It should be noted that in June of 1963 appellant filed a civil action in the U.S. District Court for the District of Rhode Island against appellee for misappropriation of character. He received a jury verdict (apparently subsequent to the default judgment entered by the board on November 23, 1964), from which appellee here took an appeal to the U.S. Court of Appeals for the First Circuit. That court rendered its decision on May 11, 1967,[4] long after the above-referred-to default judgment entered by the board. Thus the record before the board at the time of the default judgment contained only the pleadings in the civil action before the district court.

Appellant argues that the Court of Appeals for the First Circuit found that he had acquired the right of ownership and priority of use in the service mark, although it reversed the district court's allowance of a remedy for misappropriation of character;[5] that the Patent Office is bound by a finding of a federal court, because federal courts, which determine the right to use, ultimately determine the right to register; and that appellee (by its motion for summary judgment) has admitted that the issues of the opposition are the same as those decided by the Court of Appeals for the First Circuit.

Appellee responds that the court of appeals merely found that appellant was the first user, but not of the mark as a service mark; whereas the board's default judgment, in effect, found appellee to be the first user of the mark as a service mark. Therefore, appellee argues, there is no inconsistency between the finding of the court of ap-

---

3. Although no appeal was taken from the default judgment entered on November 23, 1964, appellant filed a motion to set aside the judgment on December 23, 1969. This motion was denied by the board on March 18, 1970.

4. CBS, Inc. v. DeCosta, 377 F.2d 315 (1967). In its opinion, the court made no mention of the default judgment entered by the board.

5. The court of appeals stated: "The jury obviously disbelieved at least this much of their [appellee's witnesses] testimony, and we think it clear that they were amply justified. Thus, the plaintiff has had the satisfaction of proving the defendants pirates. But we are drawn to conclude that proof alone is not enough to entitle him to a share of the plunder. Our Paladin is not the first creator to see the fruits of his creation harvested by another, without effective remedy . . . ." And it added: ". . . it is by no means clear that such state [Rhode Island] law of intellectual property as we have found supports relief on these facts."

peals and the finding of the board implicit in said default judgment.

The difficulty with appellee's position is that by its motion for summary judgment it admitted the truth of appellant's averment in its answer to appellee's opposition, namely:

. . . that the issue of the misappropriation of the idea and character was decided [in the United States District Court for the District of Rhode Island] in favor of applicant; although, the First Circuit Court of Appeals in its decision . . . did determine that applicant was not entitled to a remedy for the misappropriation of his character and idea.

. . .

Thus we have a possible conflict between the finding of the board, implicit in its default judgment of 1964,[6] that appellee is the first user of the mark as a service mark and the admission of appellee that the federal district court, affirmed on this point by the court of appeals in 1967, determined that appellant was a prior user of the idea and character which appellee misappropriated. In such a situation, there can be no doubt that the board would be bound by the determination of the federal courts. Societe E. Blanchard et Fils v. Blanchard Importing & Distributing Co., Inc., 150 USPQ 221 (TTAB 1966), aff'd 402 F.2d 797, 56 CCPA 716 (1968); Whopper-Burger, Inc. v. Burger King Corp., 171 USPQ 805 (TTAB 1971). Therefore, we hold that the board was in error in allowing appellee's motion for summary judgment.

■ This holding requires us to also hold that appellant is not estopped from seeking to register its mark by reason of the default judgment involving the same mark and essentially identical services. The general rule is that where the prior judgment has legal effect and its application to the parties in the case at bar does not involve any genuine is-

sue of material fact, summary judgment may be rendered for the claimant, or the defendant, as the prior judgment may warrant. 6 Moore's Federal Practice ¶ 56.17 [52], p. 2664 (1965). However, the intervening decisions of the district court and the court of appeals discussed above assuredly involve genuine issues of material fact which cannot and should not be ignored. We note that this court has previously indicated that facts which have occurred with the passage of time since a default judgment in a prior opposition can avoid application of the doctrine of estoppel. Old Grantian Co., Ltd. v. William Grant & Sons, Ltd., 361 F.2d 1018, 53 CCPA 1257 (1966).

■ This brings us to the question of whether the board should have allowed appellant's cross-motion for summary judgment, which would entail dismissal of appellee's opposition. The answer depends on the sufficiency of the facts of record, including the opinion of the Court of Appeals for the First Circuit, to support registration of appellant's mark. As noted above, appellee argues that the court of appeals merely found that appellant was the first user, but not of the mark as a service mark. Our consideration of the facts before us is persuasive that this and other issues pertinent to the requirements for registration necessitate a trial on the merits. We point out, for example, that the court of appeals stated that the law governing misappropriation of character was the intellectual property law of Rhode Island; that the issue of secondary meaning was not submitted to the jury in the trial below; that the instructions to the jury limited its finding to creation of the character "Paladin, Have Gun Will Travel" by appellant here and its copying and use by appellee; that appellant's cards containing his photograph, the knight chess piece, the slogan, and the name "Paladin" were unquestionably writings within the meaning of the copyright clause of the Constitution;

6. Last Chance Mining Co. v. Tyler Mining Co., 157 U.S. 683, 691, 15 S.Ct. 733, 39 L.Ed. 859 (1895).

and that the services consisted of no other action than appearing in public and passing out cards. Accordingly, we hold that the board was correct in denying appellant's cross-motion for summary judgment.

The decision of the board is reversed and the cause is remanded for further proceedings not inconsistent herewith.

Reversed and remanded.

LANE, J., concurs in the result.