**DANSKIN, INC., Appellant,**

v.

**DAN RIVER, INC., Appellee.**

**Patent Appeal No. 9206.**

United States Court of Customs and Patent Appeals.

July 3, 1974.

Andrew R. Klein, Philadelphia, Pa. (Snynnestvedt & Lechner, Philadelphia, Pa.), attorney of record for appellant; William H. Elliott, Jr., Philadelphia, Pa., of counsel.

Eugene Sabol, Washington, D. C. (Fisher, Christen & Sabol, Washington, D. C.), attorney of record, for appellee.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Associate Judges.

BALDWIN, Judge.

This is an appeal from the decision of the Trademark Trial and Appeal Board (abstracted at 176 USPQ 224 (1972)), adhered to on reconsideration, granting applicant-appellee's motion for summary judgment, thereby dismissing the opposition of appellant to the registration by appellee of DANSHEER [1] as a trademark for "men's, women's and children's hose and hosiery and pantyhose." Opposer-appellant relied upon registrations of its trademark DANSKIN [2] for knitted articles of clothing, particularly leotards, tights, hosiery, pantyhose, and similar products.

---

1. Serial No. 379,496, filed December 24, 1970.

2. Registration Nos. 584,683, issued January 12, 1954; 623,525, issued March 20, 1956;

772,356, issued June 30, 1964; 859,730, issued November 5, 1968.

Appellee moved for summary judgment on the ground that appellant was estopped from opposing appellee's application by reason of a settlement agreement entered into by the parties in a civil action before the U.S. District Court for the Southern District of New York.[3] The civil action was initiated by appellant in response to two oppositions[4] filed by appellee to the registration of two of appellant's trademarks. As a result of the settlement agreement, the civil action and one of the oppositions were dismissed and the appellant agreed to abandon or assign to appellee the mark involved in the other opposition.

The pertinent portions of the settlement agreement state:

AGREEMENT made this 13th day of February, 1964 by and between Dan River Mills, Incorporated . . . . and Danskin, Inc.
. . .

WITNESSETH:

.* * * * * *

WHEREAS, Danskin and Dan River desire to amicably settle said Civil Action and opposition proceedings and *to avoid future conflicts or likelihood of confusion respecting the use and registration of trademarks sounding in Dan;*

NOW THEREFORE, in consideration of the premises and mutual agreements herein contained, the parties hereto have agreed and do hereby agree.

* * * * * *

3. Danskin agrees to limit its use of the trademark DANSKIN simpliciter to knit hosiery, foot socks, tights, leotards, girdles, form-fitting trunks, panties, leotard type swim suits, sweaters and, except of check or plaid patterns, any other knitted fabric garments.

Danskin agrees not to use the trademark DANSKIN on any colored yarn, woven fabric garments or solid colors, non-stretch, woven fabric garments
. . . .

* * * * * *

9. *Danskin will not oppose or petition to cancel directly or indirectly any registration by Dan River for a "Dan" mark.*

* * * * * *

11. Dan River agrees not to use DANSKIN on any of its products or DANSHEEN or DANSOFT on any products listed in the first sentence of paragraph 3.

* * * * * *

13. This agreement shall be binding upon and inure to the benefit of both parties, their assigns and successors . . . . (Emphasis added).

The board granted appellee's motion for summary judgment and dismissed the opposition stating:

Paragraph 9 unequivocally asserts that "Danskin will not oppose or petition to cancel directly or indirectly any registration by Dan River for a 'DAN' mark." Furthermore, while there is some prohibition expressed against applicant's use of the marks "DANSKIN", "DANSHEEN" and "DANSOFT", there is no restriction against its using the mark here involved, namely, "DANSHEER". On the basis of the above, there can be no doubt but that opposer is expressly barred from challenging applicant's right to register "DANSHEER".

OPINION

In this appeal we are governed by rule 56 of the Federal Rules of Civil Procedure (see Rule 2.116(a), Trademark Rules of Practice), which provides, in pertinent part, as follows:

Rule 56. Summary Judgment.
* * * * * *

(c) . . . [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file,

---

3. No. 63–CIV–3318 (1964).

4. Opposition Nos. 41,006 and 41,657.

together with the affidavits, if any, show that there is no geniune issue as to any material fact and that the moving party is entitled to a judgment as a matter of law . . . .

■ That summary judgment may be appropriate in trademark matters is beyond dispute. Blanchard Imp. & Dist. Co. v. Societe E. Blanchard et Fils, 402 F.2d 797, 56 CCPA 716 (1968); Old Grantian Co., Ltd. v. William Grant & Sons, Ltd., 361 F.2d 1018, 53 CCPA 1257 (1966).

Appellant alleges that the language of paragraph 9 in the 1964 settlement agreement is susceptible of at least two wholly different constructions. The first construction is that adopted by the Trademark Trial and Appeal Board— paragraph 9 means just what it clearly states. The second construction urged by appellant, is that when paragraph 9 is construed in context with the entire agreement, a DAN mark can mean only a mark, whether registered or not yet registered, which was in existence at the time the settlement agreement was negotiated and which was used by appellee as a mark for textile fabrics "in the piece". Appellant contends paragraph 9 cannot be construed to preclude appellant from opposing a DAN mark applied to knitted garments of the type manufactured by appellant. Appellant further alleges that the 1964 agreement must also be limited with respect to the time of its operation. Accordingly, appellant urges that summary judgment was improperly granted because the meaning of paragraph 9 is ambiguous and that genuine issues of material fact remain which appellant should have the opportunity to explain by testimonial evidence.

■ We cannot agree with appellant's allegations. We find no ambiguity of language in either paragraph 9 or the entire agreement such as would necessitate resort to matters outside the four corners of the agreement for an explanation of the terms of the agreement. There is no language in paragraph 9 that even suggests the meaning which appellant would ascribe to it. As to any limitation upon the duration of the agreement, paragraph 13 states that it "shall be binding upon and inure to the benefit of both parties, their assigns and successors," and the agreement states that it was entered into "to avoid *future* conflicts . . . respecting the use and registration of trademarks sounding in Dan." (Emphasis added). The only reasonable interpretation [5] of paragraph 9 is that adopted by the Trademark Trial and Appeal Board— paragraph 9 means what it clearly expresses. Accordingly, we do not find any genuine issues of material fact underlying the adjudication below. 6 J. Moore, Federal Practice 56.27[1] at 2973 (2d ed. 1974).

Appellant further submits that the doctrine of Lear v. Adkins, 395 U.S. 653, 89 S.Ct. 1902, 23 L.Ed.2d 610 (1969), wherein agreements by patent licensees not to challenge the validity of licensed patents were condemned as being against public policy, should be applicable to, and thus preclude enforcement of, the instant agreement.

However, we find the dissimilarities between the patent license agreement of *Lear* and the instant trademark settlement agreement, and the basic differences between the acquisition of trademark rights vis-à-vis patent rights to militate against extending the applicability of the principles of *Lear* to the instant trademark settlement agreement. *See* Beer Nuts, Inc. v. King Nut Co., 477 F.2d 326 (6th Cir. 1973).

Since DANSHEER is not one of the marks appellee agreed not to use (paragraph 11 of the agreement) and appellee is not precluded from enforcing the settlement agreement, appellee is entitled to a judgment as a matter of law.

5. If appellant desires to reform or renegotiate the 1964 agreement in accordance with its alleged interpretation, this is not the appropriate forum for doing so.

For the foregoing reasons, the judgment of the Trademark Trial and Appeal Board is affirmed.

Affirmed.