**WELLS CARGO, INC., (Elkhart, Indiana), Appellant,**

v.

**WELLS CARGO, INC., (Reno, Nevada), Appellee.**

**Appeal No. 78–514.**

United States Court of Customs and Patent Appeals.

Oct. 11, 1979.

William D. Stokes, Arlington, Va., attorney of record, for appellant.

Henry C. Bunsow, San Francisco, Cal., attorney of record, for appellee; Stephen S. Townsend, San Francisco, Cal., of counsel.

Before MARKEY, Chief Judge, RICH, BALDWIN and MILLER, Judges, and WATSON,* Judge.

MARKEY, Chief Judge.

Wells Cargo, Inc. of Elkhart, Indiana (Appellant) appeals from the decision of the Patent and Trademark Office (PTO) Trademark Trial and Appeal Board (board) in Opposition No. 58,650. *Wells Cargo, Inc. v. Wells Cargo, Inc.*, 197 USPQ 569 (TTAB 1977). The board granted the motion for summary judgment of Wells Cargo, Inc. of Reno, Nevada (Opposer). We affirm.

*Background*

On October 31, 1955, Prairie Schooner, Inc. (Prairie) applied for registration of WELLS CARGO for semi-trailers. Opposer filed an opposition, claiming prior use of WELLS CARGO for freight transportation services and alleging likelihood of confusion. Prairie withdrew its application "with prejudice to its right to file a similar application in the Patent Office at a later date." Opposer consented to the withdrawal "upon the condition that it is withdrawn with prejudice."[1]

On June 25, 1957, the Examiner of Interferences dismissed the opposition, stating:

The withdrawal of the application here involved with prejudice and consent thereto of the opposer filed June 19, 1957 are noted.

---

* The Honorable James L. Watson, Judge, United States Customs Court, sitting by designation.

1. Prairie continued, however, to use and extensively advertise the mark.

In view thereof, the notice of opposition is dismissed; and the files are herewith returned to the Examiner of Trademarks.[2].

On June 30, 1975, Appellant, successor-in-interest to Prairie, filed the instant application. It is substantially identical to Prairie's original application. Upon publication, Opposer filed a Notice of Opposition, alleging, *inter alia*, that Appellant was:

> [E]stopped from claiming the right or privilege of registration because of the action taken by its predecessor in interest in the trademark WELLS CARGO in filing a withdrawal with prejudice, which withdrawal was consented to by Opposer.

Appellant and Opposer moved for summary judgment.

### The Board

The board found that the marks and goods involved in the two oppositions were legally identical and that Appellant stood in the shoes of Prairie with respect to its right to register WELLS CARGO. Reasoning that Prairie "had either agreed to the entry against itself of a consent decree or had defaulted in the opposition" by withdrawing its application with prejudice, the board concluded that Appellant was estopped from proceeding with its instant application by the doctrine of res judicata. The board expressly overruled prior case suggestions that an opposition must proceed to final judgment on the merits to have res judicata effect.

Alternatively, the board treated Prairie's withdrawal and Opposer's consent thereto as creating a settlement agreement which barred Appellant, as Prairie's successor-in-interest, from registering WELLS CARGO.

The board denied Appellant's motion for summary judgment, granted Opposer's motion for summary judgment, and refused registration to Appellant.

2. Opposer's subsequent application to register its service mark was successfully opposed by a third party registrant.

3. A default judgment reflects a finding that a party's conduct amounts to admission of truth in his opponent's allegations. *Old Grantian Co.*

### Issue

The dispositive issue is whether the withdrawal with prejudice of Prairie's application estopped Appellant from proceeding with its instant application.

## OPINION

### Res Judicata

■ Absent some form of determination on the merits, an action is not barred by res judicata. *In re Hoover Co.*, 134 F.2d 624, 628, 30 CCPA 927, 933, 57 USPQ 111, 116 (1943). A trial or hearing is not required, so long as "the parties might have had their controversies determined * * * if they had presented all their evidence and the court had applied the law." *Olsen v. Muskegon Piston Ring Co.*, 117 F.2d 163, 165 (CA6 1941); *Accord, Mitchell v. National Broadcasting Co.*, 553 F.2d 265, 271 (CA2 1977). Default judgments generally operate as res judicata, *Riehle v. Margolies*, 279 U.S. 218, 225, 49 S.Ct. 310, 73 L.Ed. 669 (1929); *Williams v. Five Platters, Inc.*, 510 F.2d 963, 965, 184 USPQ 744, 745 (CCPA 1975); *Old Grantian Co. Ltd. v. William Grant & Sons Ltd.*, 361 F.2d 1018, 1021, 53 CCPA 1257, 1260, 150 USPQ 58, 60 (1966), as do judgments obtained through consent, *United States v. Swift & Co.*, 286 U.S. 106, 119–20, 52 S.Ct. 460, 76 L.Ed. 999 (1932); *Wallace Clark & Co., Inc. v. Acheson Industries, Inc.*, 532 F.2d 846, 849, 190 USPQ 321, 323 (CA2 1976), and dismissals "with prejudice" or intended to dispose of claims on their merits, *United States v. Parker*, 120 U.S. 89, 95–96, 7 S.Ct. 454, 30 L.Ed. 601 (1887); *Ellentuck v. Klein*, 570 F.2d 414, 422–23 (CA2 1978); *Gambocz v. Yelencsics*, 468 F.2d 837, 840 (CA3 1972).

■ The present case involves no prior determination on the merits of the opposition, no judgment of any kind,[3] and no

*Ltd. v. William Grant & Sons Ltd.*, *supra*, 361 F.2d at 1021, 53 CCPA at 1260, 150 USPQ at 60. A consent decree is judicial confirmation of an agreement between the parties respecting their substantive rights. *United States v. Swift & Co.*, *supra*, 286 U.S. at 119, 52 S.Ct. 460.

"dismissal" on the merits of the opposition itself. The parties having agreed to *withdrawal* of Prairie's application, the examiner's dismissal of the opposition was merely a ministerial recognition that nothing remained before him.

Thus the dismissal of the first opposition was not entitled to res judicata effect and the board's decision granting Opposer's motion for summary judgment cannot be sustained on that ground.

## Equitable Estoppel

■ Prairie's withdrawal and Opposer's consent thereto did not in terms constitute an agreement to settle the prior opposition. That the obvious effect of the parties' action was to remove the basis for the opposition, and thus necessitate its dismissal, coupled with the parties acceptance of the dismissal, are facts from which an "agreement" can be implied. That agreement, however, was not itself a settlement of the rights of the parties to the opposition. The alternative basis for the board decision, insofar as it rests on the mere implication of a settlement agreement, is therefore equally non-sustainable.

■ The board's view that Appellant was estopped was correct, but the estoppel rests on the act of Prairie in withdrawing the prior application with prejudice. The board's decision is thus sustainable on the basis of equitable estoppel.[4]

■ Equitable estoppel and res judicata are closely related, in that both preclude relitigation of issues the parties could have raised in a prior suit between them on the same cause of action. *See Toro Co. v. Hardigg Industries, Inc.*, 549 F.2d 785, 790, 193 USPQ 149, 155 (CCPA 1977). Because equitable estoppel does not require a prior judgment on the merits, however, it may be invoked when res judicata is inapplicable.

In *Danskin, Inc. v. Dan River, Inc.*, 498 F.2d 1386, 182 USPQ 370 (CCPA 1974), equitable estoppel was applied in relation to dismissal of an opposition on summary judgment.[5] Danskin, Inc. (Danskin) sued Dan River, Inc. (Dan River) in response to Dan River's oppositions against two Danskin applications. Following a detailed settlement agreement, the suit and one opposition were dismissed. Danskin agreed to abandon or assign to Dan River the mark involved in the other opposition and to refrain from opposing any Dan River applications for registration of a "Dan" mark. When Danskin opposed its application to register DANSHEER, Dan River moved for summary judgment, asserting that Danskin was estopped. The board granted the motion and dismissed the opposition. On appeal, this court affirmed.

The present case is indistinguishable on equitable estoppel grounds from *Danskin*. That *Danskin* involved a comprehensive agreement is not distinguishing, equitable estoppel being applicable absent any agreement. Similarly, that Danskin agreed not to oppose, and Prairie agreed not to file, an application is not distinguishing, equitable estoppel being applicable regardless of the right abandoned. Here, as in *Danskin*, a party is estopped from asserting a right by an act causing his opponent to rely on a reasonable belief that the right has been abandoned. *See Roux Laboratories, Inc. v. La Cade Products Co.*, 558 F.2d 33, 36, 194 USPQ 542, 544 (CCPA 1977).

---

4. An appealed decision must be affirmed if it is sustainable on any ground supported by the record. *United States v. New York Telephone Co.*, 434 U.S. 159, 166 n.8, 98 S.Ct. 364, 54 L.Ed.2d 376 (1977); *Helvering v. Gowran*, 302 U.S. 238, 245, 58 S.Ct. 154, 82 L.Ed. 224 (1937). Because we review the decision, not the reasoning, of the board, the latter's failure to discuss equitable estoppel is of no moment. *Ilco Corp. v. Ideal Security Hardware Corp.*, 527 F.2d 1221, 1225, 188 USPQ 485, 488 (CCPA 1976).

5. Section 19 of the Lanham Act, 15 U.S.C. § 1069, provides:

§ 1069. *Application of equitable principles in inter partes proceedings*
In all inter partes proceedings equitable principles of laches, estoppel, and acquiescence, where applicable may be considered and applied. The provisions of this section shall also govern proceedings heretofore begun in the Patent and Trademark Office and not finally determined.

■ Prairie's act of withdrawing its prior application to register WELLS CARGO, "with prejudice" to its subsequent refiling, caused Opposer to accept dismissal of the opposition in the reasonable belief that any right Prairie may have had to seek registration of WELLS CARGO had been abandoned. Appellant, as Prairie's successor-in-interest, is bound by that act of withdrawal and is equitably estopped thereby from seeking to register WELLS CARGO.

### Appellant's Arguments

Appellant relies on *Botfield Refractories Co. v. Wood Conversion Co.*, 79 USPQ 341 (Commr.1948) and *Crown Overall Mfg. Co. v. Bowman Hat Co.*, 69 USPQ 467 (Commr. 1946) as suggesting that an opposer must carry an opposition to final judgment to prevent an attempted withdrawal of an application without prejudice. Those Commissioner decisions are not only non-binding on this court, but are inapt here, where the withdrawal was "with prejudice." Common sense and considerations of judicial economy dictate that parties be not only permitted but encouraged to avoid needless litigation.

■ Appellant next contends that a promise to refrain from registration is unenforceable, being inimical to a Principal register of marks actually used in commerce. Appellant ignores the competing policy favoring voluntary settlement of actual disputes. The latter has been viewed as overriding the policy of encouraging challenges to patent validity promulgated in *Lear, Inc. v. Adkins*, 395 U.S. 653, 89 S.Ct. 1902, 23 L.Ed.2d 610, 162 USPQ 1 (1969). *Wallace Clark & Co., Inc. v. Acheson Industries, Inc., supra* at 848–49, 190 USPQ at 322–23 (summary judgment upholding a prior consent decree confessing validity of a patent); *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1372–74, 190 USPQ 392, 396–97 (CA6 1976); *Schlegel Manufacturing Co. v. USM Corp.*, 525 F.2d 775, 778–81, 187 USPQ 417, 419–22 (CA6 1975). If there be a policy favoring challenges to trademark validity, it too has been viewed as outweighed by the policy favoring settlements. *Beer Nuts, Inc. v. King Nut Co.*, 477 F.2d 326, 328–29, 177 USPQ 609, 610–11 (CA6), *cert. denied*, 414 U.S. 858, 94 S.Ct. 66, 38 L.Ed.2d 108, 179 USPQ 322 (1973) (prior settlement agreement recognizing a trademark's validity estopped challenge thereof).

The policy favoring a Principal Register reflecting the realities of the market place is not absolute or unyielding. *See In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357, 1364, 177 USPQ 563, 569 (CCPA 1973). It must, in the present circumstances, yield. To hold otherwise would be to give no effect whatever to the crucial "with prejudice" provision of Prairie's withdrawal.

■ In a similar vein, Appellant contends that denying its mark registration defeats the purpose of the Lanham Act, because neither the public nor the owner of the mark is "protected." But Prairie's withdrawal with prejudice constituted an abandonment of any right to register Appellant might normally have had under the Lanham Act. Wrapping itself in the mantle of the public's right to notice cannot revive the lost rights of Appellant, which is without standing to assert that public right. *Cf. Aro Corp. v. Allied Witan Co., supra* at 1373, 190 USPQ at 396–97. Nor will registration or non-registration "protect" the public against confusion. *See In re E. I. du Pont de Nemours & Co., supra* at 1364, 177 USPQ at 569.

■ Finally, Appellant argues that its continued use of the mark, and its expenditure of money in advertising, avoid the estoppel effect of Prairie's withdrawal. A post-judgment change in circumstances can, in some circumstances, prevent the application of equitable estoppel. *See DeCosta v. Columbia Broadcasting Systems, Inc.*, 498 F.2d 1383, 1385, 182 USPQ 169, 171 (CCPA 1974); *Old Grantian Co. Ltd. v. William Grant & Sons Ltd., supra*, 361 F.2d at 1022–23, 53 CCPA at 1262, 150 USPQ at 61. No such circumstances are present here. Prairie's withdrawal was unconditionally with prejudice to filing of the instant application. Appellant is thereby equitably estopped from that filing. Whether Appel-

lant's use and expenditure since 1957 may have created an irrevocable right to continue use of the mark is a consideration separate from whether Appellant is estopped to seek its registration.

### Conclusion

Appellant being equitably estopped to proceed with the instant application, the decision of the board is *affirmed*.

*AFFIRMED*.