This Decision is a
Precedent of the TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500

wbc

Mailed: July 17, 2015

Cancellation No. 92058974

*The Urock Network, LLC*

*v.*

*Umberto Sulpasso*

**Before Seeherman, Ritchie and Hightower, Administrative Trademark Judges.**

**By the Board:**

The Urock Network, LLC ("UNL") seeks to cancel the registration of the mark

**UROCK**

owned by Umberto Sulpasso ("Mr. Sulpasso") for "digital media, namely, CDs, DVDs, downloadable audio files, featuring music" in International Class 9 and "entertainment, namely, live performances by a musical band" in International Class 41.[1]

In its petition to cancel, UNL pleads ownership of an application, Serial No. 85746452, for the mark THE UROCK NETWORK, which, as indicated in the

---

[1] Registration No. 4493189 issued March 11, 2014 based on Section 44(e).

ESTTA cover sheet[2] submitted with the petition, seeks registration of the mark for "downloadable MP3 files, MP3 recordings, on-line discussion board posts, webcasts, webinars and podcasts featuring music, audio books in the field of music, and news broadcasts" in International Class 9. UNL alleges that the continued registration of Mr. Sulpasso's mark "creates confusion among consumers"; that it seeks cancellation on the ground of "[p]riority of first use and the likelihood of confusion for goods and services" under Section 2(d) of the Trademark Act; and that Mr. Sulpasso's mark has "been cited against our application for registration under [application Serial No.] 85746452."[3] TTABVue Doc. 1 (at p. 1).

In lieu of an answer, Mr. Sulpasso filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) which the Board construed as a motion for summary judgment based on *res judicata* or claim preclusion.[4] The motion has been fully briefed.

---

[2] Because the ESTTA cover sheet forms part of the petition to cancel, it provides details of Petitioner's pleaded application (e.g., to establish the alleged goods or services in a plaintiff's pleaded application or registration). *See PPG Industries Inc. v. Guardian Industries Corp.*, 73 USPQ2d 1926, 1928 (TTAB 2005) ("Since ESTTA's inception, the Board has viewed the ESTTA filing form and any attachments thereto as comprising a single document or paper being filed with the Board"); *Hunt Control Systems Inc. v. Koninklijke Philips Electronics N.V.,* 98 USPQ2d 1558, 1561 (TTAB 2011) ("[The ESTTA] form, along with any attached supplementary elaboration of the basis for the opposition, serves as the complaint in the opposition proceeding"); *Schott AG v. Scott*, 88 USPQ2d 1862, 1863 n.3 (TTAB 2008) ("[T]he ESTTA generated filing form … is considered part of the plaintiff's initial pleading").

[3] The current owner for application Serial No. 85746452 is listed as John Kevin Timothy, whose relationship to UNL is discussed *infra*.

[4] The judicial doctrine now generally known as claim preclusion was earlier known as *res judicata. See Senju Pharm. Co. v. Apotex Inc.*, 746 F.3d 1344, 110 USPQ2d 1261, 1263 (Fed. Cir. 2014). Because the Board construed Mr. Sulpasso's motion to dismiss as a motion for summary judgment based on this doctrine, the Board's July 28, 2014 order allowed the parties additional time to supplement their briefing. No supplemental briefing was submitted.

***Motion for Summary Judgment***[5]

Mr. Sulpasso asserts that he won a prior proceeding – Opposition No. 91197690 ("the '690 opposition")[6] – involving the same parties and based on the same claims. Specifically, Mr. Sulpasso asserts that John Kevin Timothy, the opposer in the earlier proceeding, is in privity with UNL and that Timothy unsuccessfully asserted claims of likelihood of confusion under Section 2(d) against the underlying application that matured into Mr. Sulpasso's Registration No. 4493189. In support of his motion, Mr. Sulpasso has submitted copies of the notice of opposition, the motion to dismiss the opposition, and the Board's decision dismissing the opposition.

UNL concedes that it is the same party as the opposer in the '690 opposition. TTABVue Doc. 6 (at p.3). However, UNL argues that the '690 opposition was decided on a "[t]echnical [p]rocedure," and that UNL's marks and goods and services at issue in the '690 opposition are different from the marks and goods and services at issue in this cancellation. *Id.* (at p.2).

---

[5] Although Mr. Sulpasso has not yet made its initial disclosures, this motion is not premature. In general, a party may not file a motion for summary judgment until the party has made its initial disclosures. Trademark Rule 2.127(e)(1); *Qualcomm, Inc. v. FLO Corp.*, 93 USPQ2d 1768, 1769-70 (TTAB 2010). However, this rule has two exceptions: 1) a motion asserting lack of jurisdiction by the Trademark Trial and Appeal Board; or 2) a motion asserting claim or issue preclusion. Trademark Rule 2.127(e)(1); *Zoba Int'l Corp. v. DVD Format/LOGO Licensing Corp.*, 98 USPQ2d 1106, 1108 n.4 (TTAB 2011) (motion to dismiss considered as one for summary judgment where it asserts claim preclusion). Since this motion is based on claim preclusion, and we *sua sponte* converted it into a summary judgment motion, there is no prematurity issue.

[6] Upon motion by Mr. Sulpasso (then the applicant) to dismiss the '690 opposition pursuant to Trademark Act § 2.132(a) for UNL's failure to take testimony or enter evidence, the Board dismissed the opposition with prejudice. *John Timothy v. Umberto Sulpasso* (Opposition No. 91197690) (TTAB Feb. 3, 2014).

Entry of summary judgment is appropriate only where there are no genuine disputes as to any material facts, thus allowing the case to be resolved as a matter of law. Fed. R. Civ. P. 56(a). A factual dispute is genuine if, on the evidence of record, a reasonable fact finder could resolve the matter in favor of the non-moving party. *See Opryland USA Inc. v. Great Am. Music Show Inc.*, 970 F.2d 847, 23 USPQ2d 1471, 1472 (Fed. Cir. 1992); *Olde Tyme Foods, Inc. v. Roundy's, Inc.*, 961 F.2d 200, 22 USPQ2d 1542, 1544 (Fed. Cir. 1992). Evidence on summary judgment must be viewed in a light favorable to the non-movant, and all justifiable inferences are to be drawn in the non-movant's favor. *Lloyd's Food Prods., Inc. v. Eli's, Inc.*, 987 F.2d 766, 25 USPQ2d 2027, 2029 (Fed. Cir. 1993); *Opryland USA*, 23 USPQ2d at 1472. The Board may not resolve genuine disputes as to material facts on summary judgment; it may only ascertain whether genuine disputes as to material facts exist. *See Lloyd's Food Prods.*, 25 USPQ2d at 2029; *Olde Tyme Foods*, 22 USPQ2d at 1542.

### *Claim Preclusion*

As explained by our primary reviewing court, the doctrines of claim preclusion and issue preclusion "preclude certain attempts at second litigation chances, but only in defined circumstances, reflecting the need to avoid depriving litigants of their first chances." *Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.*, 719 F.3d 1367, 107 USPQ2d 1167, 1171 (Fed. Cir. 2013). Under the doctrine of claim preclusion, "a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Jet Inc. v. Sewage*

*Aeration Sys.,* 223 F.3d 1360, 55 USPQ2d 1854, 1856 (Fed. Cir. 2000) (*quoting Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979)).

For claim preclusion to apply, therefore, there must be:

(1) identity of parties (or their privies);
(2) an earlier final judgment on the merits of a claim; and
(3) a second claim based on the same set of transactional facts as the first.

*Id.*

We act with cautious restraint when applying this equitable doctrine, in the interests of both justice for the litigants and protecting the public from confusion. *Mayer/Berkshire Corp. v. Berkshire Fashions Inc.*, 424 F.3d 1229, 76 USPQ2d 1310, 1314 (Fed. Cir. 2005); *see also Sharp Kabushiki Kaisha v. ThinkSharp Inc.*, 448 F.3d 1368, 79 USPQ2d 1376, 1379 (Fed. Cir. 2006).

- ***First Factor – Identity of Parties***

There is no dispute between the parties that Mr. Timothy and UNL are the same entity. Although the '690 opposition was brought by "John Kevin Timothy dba UROCK Radio," and the present proceeding was filed by The Urock Network, LLC, UNL has conceded that it and the opposer in the '690 opposition are "the same person." TTABVue Doc. 6 (at p.3). In this connection, we note that in the petition for cancellation Mr. Timothy identifies himself as acting manager of UNL.[7] *See John W. Carson Found v. Toilets.com Inc,* 94 USPQ2d 1942, 1947 (TTAB 2010), (*citing Kraeger v. General Electric Co.*, 497 F.2d 468, 472 (2d. Cir. 1974) (The president and sole shareholder of a corporation was bound by the corporation's defeat in an action

---

[7] The petition to cancel was also signed by Mr. Timothy.

5

that he effectively controlled); and *Vitronics Corp. v. Conceptronic, Inc.*, 27 USPQ2d 1046, 1049 (D.N.H. 1992) (founder and CEO of corporation in privity with corporation)). Further, Mr. Sulpasso is the same party as the applicant in the '690 opposition.

- **Second Factor – An Earlier Final Judgment on the Merits of a Claim**

In its dismissal of the '690 opposition, after analyzing whether Mr. Timothy's motion to reopen his testimony period to submit late-filed testimony and evidence and subsequently denying that motion, the Board determined that Mr. Timothy "has offered no reasons why he was not diligent in prosecuting his case" and failed to properly introduce testimony or evidence in support of his case. Opp. No. 91197690 TTABVue Doc. 51 (at p.7). The Board went on to explain that "[Mr. Timothy] bears the burden of coming forward with evidence to support his case and it is clear that [Mr. Timothy] has not done so here." *Id*. As a result, the Board held that "[i]nasmuch as [Mr. Timothy] has not submitted any record evidence in support of his case, [Mr. Sulpasso's] motion for judgment is granted. Accordingly, the opposition is dismissed with prejudice." (emphasis deleted) *Id*. (at p.8).

Notwithstanding UNL's contention that claim preclusion is inapplicable here because the prior proceeding was ended by a "technical procedure," whether the judgment in the prior proceeding was the result of a dismissal with prejudice or even default, for claim preclusion purposes, it is a final judgment on the merits. *See, e.g., Morris v. Jones*, 329 U.S. 545, 550-51 (1947) ("A judgment of a court having jurisdiction of the parties and of the subject matter operates as res judicata, in the

6

absence of fraud or collusion, even if obtained upon a default.") (citation omitted); *Wells Cargo, Inc. v. Wells Cargo, Inc.*, 606 F.2d 961, 203 USPQ 564, 566 (CCPA 1979) ("Default judgments generally operate as res judicata . . . .") (citations omitted); *see also Orouba Agrifoods Processing Co. v. United Food Import*, 97 USPQ2d 1310, 1314-15 (TTAB 2010) (granting summary judgment to registrant on claim preclusion where petitioner's prior opposition had been dismissed with prejudice for failure to prosecute the case); *La Fara Importing Co. v. F. Lli de Cecco di Filippo Fara S. Martino S.p.a.*, 8 USPQ2d 1143, 1146 (TTAB 1988) ("Issue preclusion operates only as to issues actually litigated, whereas claim preclusion may operate between the parties simply by virtue of the final judgment."); *Flowers Indus. Inc. v. Interstate Brands Corp.*, 5 USPQ2d 1580, 1583 (TTAB 1987) (claim preclusion applies "even when the prior judgment resulted from default, consent, or dismissal with prejudice"); *USOC v. Bata Shoe Co.*, 225 USPQ 340, 342 (TTAB 1984) ("default judgments generally operate as res judicata").

In the circumstances presented here, we hold that the dismissal with prejudice of the '690 opposition was a final judgment which may give rise to claim preclusion.

- ***Third Factor – A Second Claim Based on the Same Set of Transactional Facts as the First***

This case implicates the defensive doctrine of "bar," wherein the Board must analyze whether the plaintiff can bring a subsequent case against a defendant. *See Jet Inc.,* 55 USPQ2d at 1856 (stating that the doctrine of claim preclusion "has come to incorporate common law concepts of merger and bar, and will thus also bar a second suit raising claims based on the same set of transactional facts") (*citing*

*Migra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75, 77 n.1 (1984)). RESTATEMENT (SECOND) OF JUDGMENTS § 19 (1982) provides that "a valid and final personal judgment rendered in favor of the defendant bars another action by the plaintiff on the same claim." This bar extends to relitigation of "claims that were raised *or could have been raised*" in an earlier action. *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (emphasis added); *Migra,* 465 U.S. at 77 n.1. Thus, under claim preclusion, a plaintiff is barred from a "subsequent assertion of the same transactional facts in the form of a different cause of action or theory of relief." *Vitaline Corp. v. General Mills Inc.,* 891 F.2d 273, 13 USPQ2d 1172, 1173 (Fed. Cir. 1989).

Although Mr. Sulpasso compares the commercial impressions made by marks UNL asserted here and in the '690 opposition (THE UROCK NETWORK and UROCK RADIO, respectively), he does not need to do so, as that is not pertinent to the issue before us. When, as here, the Board analyzes the *defensive* doctrine of bar, we need determine only whether the proceedings arise from the same transactional facts and thus could have been brought in the previous proceeding.[8]

The Court of Appeals for the Federal Circuit has stated that it is guided by the analysis set forth in the Restatement (Second) of Judgments in determining whether a plaintiff's claim in a particular case is barred by claim preclusion. *See Jet*

---

[8] In contrast, it is the doctrine of "merger," or *offensive* claim preclusion, that requires an assessment of whether a party's new mark makes the same commercial impression as its previously litigated mark and whether the goods or services are the same. *See, e.g., Sharp Kabushiki Kaisha,* 79 USPQ2d at 1378-79; *Chromalloy American Corp. v. Kenneth Gordon (New Orleans), Ltd.,* 736 F.2d 694, 222 USPQ 187, 189-90 (Fed. Cir. 1984).

*Inc.*, 55 USPQ2d at 1856; *Chromalloy American Corp.*, 222 USPQ at 189-90. Section

24 of the Restatement (Second), which addresses splitting claims, provides that:

> (1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar . . . the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.
>
> (2) What factual grouping constitutes a "transaction", and what grouping constitutes a "series", are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

Furthermore, Section 25 of the Restatement provides that the rule of Section 24

applies to extinguish a claim by the plaintiff against the defendant even though the

plaintiff is prepared in the second action:

> (1) To present evidence or grounds or theories of the case not presented in the first action, or
>
> (2) To seek remedies or forms of relief not demanded in the first action.

To assess whether the claims are based on the same set of transactional facts,

comment b to Section 24 of the Restatement considers whether there is a common

nucleus of operative facts. As noted, relevant factors include whether the facts are

so woven together as to constitute a single claim in their relatedness in time, space,

origin, or motivation, and whether, taken together, they form a convenient unit for

trial purposes. *Id*. The same comment notes that:

> Though no single factor is determinative, the relevance of trial convenience makes it appropriate to ask how far the witnesses or proofs in the second action would tend to overlap the witnesses or proofs relevant to the first. If there is a substantial overlap, the second action should ordinarily be held

precluded. But the opposite does not hold true; even when there is not a substantial overlap, the second action may be precluded if it stems from the same transaction or series.

*Id*. Courts have defined "transaction" in terms of a "core of operative facts," the "same operative facts," or the "same nucleus of operative facts," and "based on the same, or nearly the same, factual allegations." *Jet Inc.*, 55 USPQ2d at 1856 (*quoting Herrmann v. Cencom Cable Assoc., Inc.*, 999 F.2d 223, 226 (7th Cir. 1993)); *see also United States v. Haytian Rep.*, 154 U.S. 118, 125 (1894) ("One of the tests laid down for the purpose of determining whether or not the causes of action should have been joined in one suit is whether the evidence necessary to prove one cause of action would establish the other.").

Applying this analysis, we reiterate first that the mark that UNL asserts in this cancellation is THE UROCK NETWORK, and that the basis asserted for cancellation is priority of use and likelihood of confusion. Specifically, UNL alleges use of the mark THE UROCK NETWORK "on a continuing basis from a date which supersedes registrant by 10 years." TTABVue Doc. 1 (at p.1). Looking to the '690 opposition, we note the body of the complaint in the '690 opposition alleges priority and apparent likelihood of confusion based on common law rights in UROCK and various URLs "including but not limited to urockradio.net, **the urocknetwork.com**, **.net,** urock.info, urocradio.net in all about 15 names." (emphasis added) Opp. No. 91197690 TTABVue Doc. 1 (at p.1).[9] More specifically, in

---

[9] While not specifically addressed in the body of the complaint, the ESTTA coversheet in the '690 opposition indicates Mr. Timothy also alleged rights in application Serial No. 85047110 for the mark UROCK RADIO and based the opposition on the ground of priority and likelihood of confusion under Trademark Act § 2(d). *See UMG Recordings Inc. v. Mattel Inc.,*

his Memorandum in Support of [His] Motion for Summary Judgment in the prior '690 opposition proceeding,[10] Mr. Timothy specifically asserted:

> Also commencing in 1999, and continuously through the present day, Opposer has been providing radio broadcasting and entertainment services under one or more of a family of service marks including, but not limited to: . . . THE UROCK NETWORK . . . and/or other derivatives of the names and marks UROC and UROCK (hereinafter collectively the "UROCK Marks.").

Opp. No. 91197690 TTABVue Doc. 20 (at p.4.)

UNL's argument that the '690 opposition was focused on rights in the mark UROCK RADIO thus is unpersuasive. The alleged prior use of the mark THE UROCK NETWORK clearly not only relates to, but was a part of, the '690 opposition. There can be no question that the '690 opposition and this cancellation necessarily involve the same nucleus of operative facts such that both proceedings stem from the same set of transactional facts. UNL and its alter ego Mr. Timothy, plainly not only had the facts necessary to bring the claim of likelihood of confusion relating to alleged priority rights in the mark THE UROCK NETWORK based on prior use at the time of filing the '690 opposition, but he actually included that mark in the '690 proceeding. *See Akhenaten v. Najee, LLC,* 544 F.Supp.2d 320, 330 (S.D.N.Y. 2008) (Plaintiff's alleged use and registration of FUBU and similar marks

---

100 USPQ2d 1868, 1872-73 (TTAB 2011) (Where counterclaim did not identify particular registration to which counterclaim applies, counterclaim found to pertain to registration identified in the ESTTA filing form. "[T]he Board considers the ESTTA filing form and the attachment thereto, *i.e.*, the statement of grounds for the petition to cancel, to comprise a single document ...."); *PPG Industries Inc..*, 73 USPQ2d at 1928 (the ESTTA cover sheet is read in conjunction with the notice of opposition as an integral component).

[10] The Board may take notice of filings in other TTAB proceedings. *Kraft, Inc. v. Balin*, 209 USPQ 877, 881 n.8 (TTAB 1981).

could have been raised in the prior action, and therefore, the subsequent action is barred by *res judicata*).

### Decision

Based on the record before us, we find that there is no genuine dispute as to the applicability of claim preclusion in this case in light of the Board's February 3, 2014 decision rendered in Opposition No. 91197690. UNL's arguments and evidence are insufficient to show the existence of a genuine dispute as to a material fact for trial. Therefore, Mr. Sulpasso's motion for summary judgment is **GRANTED**. Judgment is entered against UNL, and the petition for cancellation is **DISMISSED with prejudice**.[11]

---

[11] We note that UNL, in the last paragraph of its response to the motion for summary judgment makes reference to "the likelihood of 'Abandonment'" of respondent's mark and the asserted failure of respondent's band to perform "in front of a paying audience in the USA" as a reason why this case should proceed. This throw-in sentence in the conclusion to the response is not a sufficient pleading of a new claim, and petitioner has not submitted a proposed amended pleading. Thus, this throw-in sentence will receive no further consideration. *See* TBMP § 507.01 ("A signed copy of the proposed amended pleading should accompany a motion for leave to amend a pleading."). Furthermore, absent an allegation that the facts have changed substantially since the '690 opposition, this claim is likely barred by *res judicata.*